JOHN LOWERY

*v.*

HEZEKIAH H. GEAR.

1. PARTIAL PAYMENT — *new promise to pay implied.* Where the maker of a promissory note makes a partial payment thereon, the law implies therefrom a new promise to pay the residue of the note.

2. STATUTE OF LIMITATIONS — *effect of new promise to pay.* And, it seems, such implied new promise, made within sixteen years prior to the commencement of a suit upon the note, will take the case out of the statute of limitations.

3. PARTIAL PAYMENT — NEW PROMISE — *of the circumstances which must attend the payment.* But this new promise can only be implied where the party designedly makes a payment upon the note. There must be an actual affirmative intention to give the payment that application, before the promise can be inferred.

4. It is a rule, no doubt, that where a debtor makes a payment, without designating to which of several claims it shall be applied, the creditor may apply it to which he pleases; but this would not authorize the creditor so to apply it upon a particular debt as to bind the debtor by an implied new promise, arising therefrom, to pay the residue of that debt, unless the debtor actually intended thereby to make the new promise. If he had no thought or intention, one way or the other, even then he could not be held to have made a new promise, for to do that he must have had an affirmative intention.

5. If the holder of a note indorses a credit thereon, without authority from the debtor, such indorsement will not, of itself, impose upon the debtor the obligation of a new promise. The creditor could not thus, by his own act, make a promise in his own favor, which would bind the debtor.

APPEAL from the Circuit Court of Jo Daviess County; the Hon. BENJ. R. SHELDON, Judge, presiding.

On the sixteenth day of September, 1842, Hezekiah H. Gear made and delivered to Nathaniel J. Brown, his promissory note for nineteen hundred dollars, payable to the order of said Brown, eighteen months after date. This note was, after its maturity, indorsed to John Lowery, who instituted suit thereon in the court below, on the 12th day of September, 1860.

The defendant pleaded, *first*, the statute of limitations; and *second*, a failure of consideration. To the first plea, the plaintiff replied, alleging a new promise. Issues were made up and submitted to a jury.

There appeared indorsed upon the notes, two credits, one for thirty dollars on the 1st of June, 1844, and the other for fifteen dollars on the 29th January, 1848.

The plaintiff relied upon the implied promise which arises from making a payment upon a note within the sixteen years preceding the commencement of the suit, insisting that such promise had the effect to take the case out of the statute of limitations. The testimony introduced under that issue, was in reference to the circumstances under which those credits were entered, and the question of law arises, whether, under

those circumstances, a new promise to pay the note can be implied. The facts in reference to that subject are sufficiently set forth in the opinion of the court.

It is not necessary to consider the proofs presented under the second issue, as it is not involved in the decision of the case.

The court below instructed the jury, on behalf of the plaintiff, upon the questions of law arising under the first issue, as follows:

1. The note sued on, in this action, *imports consideration;* and, if not barred by the statute of limitations, is sufficient to authorize a recovery by the plaintiff, to the full amount of principal and interest unpaid thereon, unless a want or failure of consideration is proved by the defendant.

2. An express promise to pay said note, *or a payment thereon made, by said defendant,* within sixteen years before the commencement of this suit, is sufficient in law to take the case out of the statute of limitations, if proved by the plaintiff.

3. If the jury find, from the proof, that the defendant paid on Brown's order, while Brown was the holder of the note in controversy, at one time thirty dollars, and at another time fifteen dollars; and that, at the time of said payments, *Gear* did not owe *Brown* anything, except said note; the law presumes that the sums so paid were payments on said note, until the contrary is shown, by proof.

The following instruction was given at the instance of the defendant:

The statute of limitations, pleaded in this case, is a bar to a recovery by the plaintiff; unless the jury believe, from the evidence, that a payment, or promise to pay, has been made on said note, within sixteen years before the commencement of this suit.

The jury returned a verdict in favor of the defendant. A motion for a new trial was refused, and a judgment entered against the plaintiff for costs. Thereupon he took this appeal.

Mr. E. S. SMITH and E. A. STORRS for the plaintiff in error.

A partial payment upon a debt, in the absence of any act or declaration on the part of the party making the payment,

inconsistent with the idea of a liability and willingness to pay the balance of the debt, is, in effect, a promise to pay such balance. *Whipple* v. *Stevens*, 2 Foster, 226; *Sigourney* v. *Drury*, 14 Pick. 387; *Bell* v. *Morrison*, 1 Peters, 351; *Exeter Bank* v. *Sullivan*, 6 N. Hamp. 124; *Bayer* v. *Durvin*, 22 Barb. 71; *Ayer* v. *Hawkins*, 19 Vt. 29. And such new promise will take the case out of the statute of limitations.

Mr. M. Y. Johnson for the defendant in error.

Mr. Chief Justice Caton, delivered the opinion of the court:

We have examined the questions of law raised in this case, and find no error in the decisions of the court upon the admission of the testimony, or in the instructions, of which the plaintiff can complain.

The real question in the case is, as to the sufficiency of the evidence to sustain the verdict. Two defenses were relied upon. One, the statute of limitations, and the other a want, or failure of consideration. If the evidence is sufficient to sustain the verdict upon either of these defenses it must be allowed to stand. We shall confine ourselves to the consideration of the first defense. To the plea of the statute of limitations the plaintiff replied a new promise. This averment of a new promise, the jury have said by their verdict, was not sustained by the proof. The plaintiff relied upon an implied new promise arising upon the fact of a payment made by the defendant upon the note within sixteen years. If the proof shows that, in fact, such a payment was made upon the note, then the law implies therefrom a new promise to pay the note. Two indorsements of payments appear upon the note, one of thirty dollars, and one of fifteen dollars. Both these indorsements were made by Brown, the payee and holder of the note, when the maker was not present; consequently, they, of themselves, cannot impose upon the maker the obligation of a new promise. Brown could not by his own act make a promise in his own favor which would bind Gear. We must look to the evidence, then, independently of these indorsements, and see whether Gear did, in fact, make

49

these payments with the design that they should be in part satisfaction of this note. The testimony of Blakesly most clearly shows that the thirty dollars was not paid upon the note and that the indorsement by Brown of that amount upon the note, was entirely unauthorized by Gear. As to the payment of fifteen dollars which was indorsed upon the note, the facts are these: Brown, residing in Chicago, drew his order upon Gear, in favor of Bostwick, for fifteen dollars. Bostwick presented this order to Gear in Galena, who said *it was all right*, but paid no money upon it, and Bostwick charged it in account to Gear. At this time there was an open and running account between Gear and Brown, arising out of their joint ownership of, or claim to, certain mineral lands. Gear was at that time acting as the agent of Brown as to his interest in those lands, endeavoring to get other parties off the lands, collecting mineral rent and the like, in the course of which Gear necessarily must have incurred expense and trouble, and probably received rents. This account has never, to this day, so far as we can learn from this record, been settled. It was a question, then, peculiarly appropriate for the jury to determine, whether Gear, when he told Bostwick the order was all right, designed that it should be applied as so much paid on the note, or designed that it should pass into their general account. It must be remembered that this new promise can only be implied where the party designedly makes a payment upon the note. There must be an actual, affirmative intention to make a payment on the note, before we can infer the promise. It is a general rule, no doubt, that where a debtor makes a payment without designating to which of several claims it shall apply, the creditor may apply it to which he pleases; but this could not authorize Brown to so apply it as to bind Gear by an implied new promise, without the actual intention of Gear to make such a promise. This was a matter in which Gear must have had an affirmative intention, before he could be bound. His volition was indispensable in order to bind him. If he had no thought or intention one way or the other, even then he could not be held to have made a new promise, for to do that he must

have had an affirmative intention. This whole question was fairly submitted to the jury, and they found the issue in favor of the defendant, and we do not think that finding should be disturbed. Brown, upon his cross-examination, in order to bolster up these indorsements, says that he made them by Gear's verbal order, but it appears that any such direction was made before the payments were made, and had no specific reference to these payments or these orders. This was really entitled to no consideration.

The judgment must be affirmed.

*Judgment affirmed.*