ADOLPH DEHNER, Garnishee,

v.

HELMBACHER FORGE AND ROLLING MILLS.

1. GARNISHMENT AS AFFECTED BY ASSIGNMENT FOR CREDITORS.— Where there was an assignment of all the effects of the defendant in attachment for the benefit of creditors, prior to the issuance of the writ of attachment, there is an equitable transfer of the estate of the defendant, including the chose in action in this case, and the court will notice and protect the interests of the equitable holders. Money due the defendant in attachment cannot, after such assignment, be reached by garnishment at the suit of an individual creditor.

2. ASSIGNMENT FOR CREDITORS.—The power to make an assignment for the benefit of creditors exists independent of statutory provisions, and while it may be affected by such provisions, it cannot be inferred, in the absence of proof, that there is anything in the statute of a foreign state where the assignment was made, to prevent the ordinary exercise of this power.

3. APPLICATION OF PAYMENTS.—Where a debtor makes a payment, he has the right to indicate upon which item of account the payment shall apply. If he does not do so, the creditor may ordinarily select the item; and if no selection is made by either, the law will apply the payment as may seem reasonable and just.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed August 13, 1880.

Mr. JACOB KLEIN and Mr. MARSHALL W. WEIR, for appellant; that a non-resident cannot be garnisheed unless he has in

this State property of the defendant, or is bound to pay him money or deliver him goods in this State, cited Drake on Attachment, § 474.

The assignment vested the chose in action in the assignee, and it is not subject to garnishment: Burrill on Assignments, § 309; Caskie v. Webster, 2 Wall, Jr. 131; Schluster v. Raymond, 7 Neb. 281; Drake on Attachments, § 527.

Messrs. KOERNER & TURNER, for appellees; that choses in action are not assignable, cited McKinney v. Alvis, 14 Ill. 33; Olds v. Cummings, 31 Ill. 189; Hamilton v. Lubukee, 51 Ill. 415.

The garnishee, after admitting an indebtedness and encouraging the bringing of garnishment proceedings, should be estopped now from denying an indebtedness: Smith v. Newton, 38 Ill. 230; Bowen v. International Bank, 80 Ill. 541; 2 Smith's Lead. Cas. 672.

WALL, P. J.  "The Helmbacher Forge and Rolling Mills" sued out a writ of attachment against "A. K. Halteman & Co.," and caused Adolph Dehner to be summoned as a garnishee. The plaintiff, defendant and garnishee were all citizens of the State of Missouri. The proceedings were instituted in St. Clair county, where the garnishee was temporarily engaged in his vocation as a millwright. The defendant had no property in this State and the only question before us is as to the proceedings against the garnishee.

It appears from the answer of the garnishee and the evidence that the defendant made an assignment of its property for the benefit of creditors, to one Sayler. This assignment is alleged in the answer to have been made in pursuance of the statutes of the State of Missouri. At that time the garnishee was indebted to the defendant in the sum of $683.48, being for the amount of materials then furnished to the garnishee under a contract theretofore made, by which the defendant was to furnish all the materials that the garnishee might require for the erection of a mill in St. Clair county. When the assignment was made this contract with the garnishee was not completed, but

Dehner v. Helmbacher Forge and Rolling Mills.

by an order of the Circuit Court of the City of St. Louis where the assignment was made the assignee was authorized to complete the contract and in pursuance of such authority he furnished the garnishee with other materials, amounting in all to . $1,120.31. After the assignment and before the suing out of the attachment, the garnishee paid to the assignee various sums on general account amounting to $1,178.85. The payments were made without any express instructions by the garnishee, or any understanding of the parties as to the application of the same, nor was there any special application made by the assignee. At the time the garnishee was served he still owed the assignee, on account, a sum larger than that due the plaintiff in attachment. Upon this state of facts the garnishee was held liable by the court below.

Where a debtor makes a payment to his creditor, to whom he is indebted on several accounts, he has the right to indicate upon which item the payment shall apply. If he does not do so, the creditor may ordinarily select the item, and if no selection is indicated by either, the law will apply the payment as may seem reasonable and just. And in such cases the application will ordinarily be made upon the item first due. Lowry v. Gear, 32 Ill. 382; Bayley v. Wyncoop, 5 Gil. 459; Sprague v. Hazenwinkle, 53 Ill. 419; Bonnel v. Wieder, 67 Ill. 327.

If the amounts due the defendant before the assignment and that due the assignee for materials subsequently furnished are to be regarded as distinct items, then it is quite clear that the payments made before the service of the process of garnishment extinguished the indebtedness to the defendant, and the garnishee should have been discharged. If the indebtedness in respect to the materials furnished before and after the assignment are to be regarded as an entirety, then the question turns upon the effect of the assignment.

While it is stated in the answer that the assignment was made pursuant to the authority of the statute of Missouri, and while the record shows the order of the Circuit Court of St. Louis, approving the same and authorizing the assignee to complete the unfinished contracts of the assignor, yet it is urged that the statutes of Missouri are not in evidence, and

that this court cannot take judicial knowledge thereof, or of the jurisdiction of the Circuit Court of St. Louis in matters of that sort. This may all be conceded, and yet it is apparent from the evidence that there was an assignment of the effects of the defendant in attachment prior to the issuance of the writ of attachment, and though we may not know what, in full, were the legal rights and powers possessed by the assignee under the Missouri statute, yet there is enough to establish an equitable transfer of the estate of the defendant, including this chose in action.

It has been expressly held that courts of law will notice and protect the interests of the equitable holders of choses in action, and particularly so in the matter of garnishee proceeding, which is of an equitable character. Hodson v. McConnell, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418. The power to make an assignment for the benefit of creditors exists independent of statutory provisions, and while it may be affected and modified by such provisions, it cannot be inferred, in the absence of proof, that there was anything in the Missouri statute to prevent the ordinary exercise of this power, which would at least vest in the assignee an equitable interest. The judgment of the circuit court is reversed, and the cause remanded.

Reversed.