## A. FUERMAN BREWING COMPANY
### v.
## MATHIAS PISA.

*Account Stated—Application of Payments—Statute of Limitations.*

1.   Where an account is running between two parties, and payments are made from time to time by the debtor, in the absence of any appli-cation by the parties of such payments, the law applies them to the earliest part of the account.

2.   Where an amount appeared upon an account book customarily left with the debtor as "brgt. forward," which amount was included in subsequent balances, apparently without objection from the debtor, and payments more than sufficient to balance it had been made, it was error for the court to apply the statute of limitations to such amount. The only inquiry proper as to it was whether it was a true charge.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. DAHMS & LANGWORTHY, for appellant.

Messrs. FANNING & HERDLICKA, for appellee.

GARY, J.   The appellee, defendant below, was a saloon keeper, buying beer for many years from the appellant. As to the items of beer sold, though the appellee and an agent of the appellant were witnesses, there was no other evidence than entries in books produced on the trial by the appellee, and which had always been in his possession, in which, when beer was delivered, the driver for the appellant entered the delivery.   There were three of these books, one following another; the first date in the first one being April 15, 1886, and the last date in the last one April, 1891, closing with a balance in favor of appellant of $519.63.   The agent testified that two barrels of beer were delivered afterward, which made the total of $525.63.   The appellant recovered only $68.25, and a new trial being denied, appealed.   This discrepancy between the amounts claimed and recovered was caused by disallowing a charge of $457.38, entered in June, 1886, of that amount "brgt. forwd."

The parties began dealing in 1877, or 1878, but stopped in February, 1886; resumed in April, and stopped then again, and resumed in June, 1886.   Another interruption occurred from September, 1889, to March, 1890, and another from January to April, 1891, and then the dealing ceased. The appellee testified that when the dealing stopped in February, 1886, he owed nothing; that he did not notice the "brgt. forwd." entry at the time it was made, and that afterward such an explanation of it, which need not be repeated, was made of it on behalf of the appellant as, if true, would take it out of the account.   The appellant asked but was denied a little time to produce the person who was said to have made that explanation.   Without, however,

any testimony conflicting with that of the appellee, the appellant had the right to urge upon the jury that such a charge continuing upon books kept in the possession of the appellee, against his interest, and going into balances struck upon the books from time to time, through a course of years, was not to be repelled or overcome by his uncorroborated testimony. If it was a true charge, it had apparently been merged, over and over, in the later balances several times struck in the books, each of which was *prima facie* evidence of a technical account stated. Throop v. Sherwood, 4 Gilm. 92.

Moreover, the appellee had from month to month paid to the appellant money, which in the aggregate exceeded several times over, the amount of that charge, without any application by either party of such payments to any particular items, and therefore the law, if the charge were a true one, would apply such payments first to it, because it was the earliest part of the general account. Dehner v. Helmbacher, 7 Ill. App. 47, and cases there cited.

There was, therefore, no legitimate inquiry as to that charge other than whether it was a true charge; for if true, it was extinguished by the course of subsequent dealing; yet the court instructed the jury, not in so many words, but in effect, that the statute of limitations cut off the claim of the appellant to the amount of that charge. This was error, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*