**James B. Clow & Sons, Plaintiff in Error, v. Morris Goldstein et al., Defendants in Error.**

**Gen. No. 14,331.**

1. MECHANIC'S LIENS—*what essential to maintenance.* No mechanic's lien will be allowed unless predicated upon a valid claim.

2. ACCORD AND SATISFACTION—*when payment by agent established.* Held, under the evidence in this case, that payment by the owner to a lien claimant had been established, it appearing that such payment was made through an agent who was indebted to the lien claimant individually and that the money paid by such agent to the lien claimant should have been, although it was not, credited upon the account of such owner rather than upon the individual account of the agent.

3. DEBTOR AND CREDITOR—*application of payments.* The general

doctrine as to the application of payments undoubtedly gives the creditor the right, in the absence of a direction, to apply a credit according to his own selection, or the law, in certain cases, will apply it to the item first due, but a different doctrine obtains where the rights of third parties are involved; then the law will apply the payment as may seem reasonable and just.

Mechanic's lien. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 22, 1909.

NEWTON WYETH, for plaintiff in error.

JACOB DIAMOND and JAMES F. HUTCHINSON, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff sought to establish a mechanic's lien against certain property of defendant Goldstein, to the amount of $156.30 for certain bath tubs and sinks sold at that sum to Hoffman, a plumber, who, under a contract with Goldstein, installed them into a flat building owned by him, which he was at the time engaged in renovating. Notice of lien was duly served. The cause was tried by the agreement of the parties before the trial judge without a jury, and the judge, after hearing all the evidence, found the issues in favor of Goldstein and entered judgment accordingly, and the record is brought to this court by plaintiff for review.

The learned trial judge, after stating the evidential facts considered by him in arriving at his judgment in the premises, proceeds: "From the foregoing facts the court finds as a matter of law that the plaintiff would be entitled to maintain its action for lien herein; but the court finds as matter of law from said facts, that the payment of May 21, 1907, by Goldstein to Hoffman, for the purpose of purchasing materials by said Hoffman for the Goldstein job having been traced to the plaintiff, in the payment made May

29, 1907, by Hoffman to the plaintiff, the same should, as between the parties, be applied in favor of Goldstein and charged to the plaintiff as a payment on account of the said materials sold and delivered for the purpose of the Goldstein job, and therefore the court finds the issues for the defendant''.

It is manifest that if plaintiff has been paid for the material bought of it by Hoffman, and which went into the Goldstein building, that the lien question is of no concern. There can be no lien without a live claim to support it. So that the trial judge, after concluding that plaintiff had no claim against Goldstein for material furnished Hoffman which went into the Goldstein building very properly disregarded the lien contention. That Hoffman was, in the estimation of plaintiff, a tradesman of but little substance and limited financial credit, is inferable from the fact that by an understanding between them, Hoffman's credit was fixed at the small sum of $100, although he was at times allowed credit for a larger amount. That Goldstein paid Hoffman $150 with which to pay for the bath tubs and sinks purchased by Hoffman of plaintiff, and subsequently put into his building by Hoffman, who paid plaintiff at the time $200, is not in dispute. So that unless some firmly-fixed principle of law relating to the application of payments received by a creditor from his debtor, without specific direction as to the account on which it is paid, vests the creditor with the right to make the application as he may see fit, regardless of the facts and the interests of third parties, Goldstein is entitled to prevail. That Hoffman cashed the Goldstein check and took it with $50 additional and paid it to plaintiff, is not denied. Therefore Goldstein's money paid for all the goods which Hoffman bought and put into his building. On plain principles of equity, Goldstein should not be compelled to pay plaintiff more than once for goods bought by another and put into his building, when no contractual relationship existed between them, and no

liability in law incurred except the right of plaintiff to a lien in a proper case, given by the mechanics' lien statute. If plaintiff can succeed in again collecting from Goldstein the amount claimed, Goldstein will have paid twice for the goods bought by another, and of which he received the benefit; whereas, if he had bought them direct, it would not be pretended that they were not paid for. Goldstein could have said to Hoffman, "Have the goods billed in my name, and here is the money to pay for them". If this had been done and the money paid to plaintiff at the time of the purchase, the indebtedness would have been effectually discharged. This, in our opinion, however, was the practical effect of the transaction.

The general doctrine as to the application of payments undoubtedly gives the creditor the right, in the absence of a direction, to apply the credit according to his own selection or the law in certain cases will apply it to the item first due. But a different doctrine obtains where the rights of third parties are involved. Then the law will apply the payment as may seem reasonable and just. Dehner v. Helmbacher, 7 Ill. App. 47, and cases in that opinion cited. What is reasonable and just as applied to the facts of this case must determine our judgment. Some of the facts controlling on this point rest in the former dealings of plaintiff with Hoffman. It knew he bought its goods in the usual course of his business as a plumber, and that the purchases were for jobs he had in hand which necessitated the placing of its material in the buildings of third parties. At every purchase it was within the plaintiff's power to ascertain from Hoffman the building in which he purposed to install the goods bought, the name of the owner, and all the particulars of the transaction; and when Hoffman made payments, plaintiff could, if it so desired, have discovered on whose account the money had been received, and apply it accordingly. No such effort was made by plaintiff, and while there was no legal obligation

resting upon it to discover any of the conditions, nevertheless, when the rights of a party having no contractual relationship with a claimant is involved, he whose equity is the strongest must prevail. There can be no dissent as to where the equities lie in this case as between plaintiff and Goldstein. Defendants have plaintiff's goods and plaintiff has received defendants' money in payment. Not so paid and designated, but in fact so received. That is sufficient to discharge the lien claimed; although it in no way affects the right of plaintiff to recover whatever may be due from Hoffman to it on any account.

The judgment of the Municipal Court does justice between the parties, and it is affirmed.

*Affirmed.*