## Walter Liese, trading as Liese Lumber Company, Appellant, v. Ludwig Hentze, Emielie Hentze, Belleville Savings Bank et al., Appellees.

1. Mechanics' liens—*service of notice by materialman upon one joint tenant as service upon other joint tenant.* Where a husband and wife were joint tenants of premises, service of notice of the claim of a materialman for material supplied for the use of a contractor making improvements thereon, upon the husband only, formed no basis for the establishment of a lien in favor of the materialman as against the wife, although she may have been advised of the service upon her husband.

2. Mechanics' liens—*omission to serve notice upon one of two joint tenants as affecting right to lien as against one served.* The fact that notice of the claim of a materialman for material supplied for the use of a contractor making improvements upon premises owned by husband and wife as joint tenants was made upon the husband and not upon the wife did not preclude the establishment of a lien for the benefit of such materialman upon the interest of the joint tenant served, although forming no basis for a lien as against the wife.

3. Mechanics' liens—*application of payment by contractor to materialman, to credit of property owner.* Where the record, in proceedings to establish the lien of a materialman, shows that the only possible source of a payment made to the materialman by the contractor was a fund deposited by the property owner to the credit of the contractor, the court, in decreeing the lien, will credit the property owner with the sum so paid, although the materialman may not have known the source thereof at time payment was made.

4. Payment—*application of payment by court where rights of third parties involved.* The rule as to the application of payments made without direction, where the rights of third parties

are involved, is that the court will apply the payment as may seem reasonable and just.

Appeal by plaintiff from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded with directions. Opinion filed February 17, 1926.

L. N. NICK PERRIN, JR., for appellant.

P. K. JOHNSON, for appellees Ludwig and Emielie Hentze.

TURNER, HOLDER & BULLINGTON, for appellee Belleville Savings Bank, trustee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellees Ludwig Hentze and Emielie Hentze, husband and wife, being owners of Lot Five (5) in Block Ten (10) of Twelve Oaks, in the City of Belleville, Illinois, as joint tenants and not as tenants in common, entered into a contract with one George W. Reinhardt to erect a dwelling house thereon. Shortly thereafter, Reinhardt applied to appellant to furnish the lumber and other materials to be used in the construction of said building. Liese furnished such lumber and materials as ordered by Reinhardt, up until November 26, 1923. The evidence shows that said lumber and material so furnished was used in the construction of said dwelling house, and that said dwelling constitutes a valuable and permanent improvement on said premises. The record also discloses that the fair cash market value of said lumber and material so furnished amounted to $1,212.96.

On November 3, 1923, appellees Ludwig and Emielie Hentze secured a loan of $4,000 from the Belleville Savings Bank, trustee, and gave as security therefor a mortgage on said premises. The whole of said $4,000

was deposited in said bank to the credit of Reinhardt, and out of said funds so deposited Reinhardt paid appellant $1,000. So far as the record discloses, no instruction as to the application of said sum was given by Reinhardt to appellant. The evidence is to the effect that Reinhardt owed appellant on other contracts and on his personal account at said time, in excess of the $1,000 paid.

On December 26, 1923, Ludwig Hentze was personally served by appellant with the following notice:

"To Mr. Louis Hentze, Caseyville Road, Belleville, Ill.

"You are hereby notified that the undersigned has been employed, and contracted with, by Geo. W. Reinhardt, to furnish said contractor, under his contract with you, certain lumber and various other kinds of building materials for the improvements, located on your property at

"Lot Five (5), Block Ten (10), Twelve Oaks Addition, Belleville, County of St. Clair, Illinois, and that there is now due or to become due the undersigned therefor, the sum of Twelve Hundred, Twelve & 96-100 Dollars."

Said notice was signed by appellant.

Thereafter, a mechanic's lien petition was filed by appellant in the circuit court of St. Clair county, seeking a foreclosure for the lumber and materials so furnished. On the hearing, the court dismissed said petition. To reverse said order or decree, this appeal is prosecuted.

The first question to be determined is as to whether the notice served on appellee Ludwig Hentze is sufficient to subject said premises to a lien in favor of appellant for the materials furnished. It is the contention of appellant that inasmuch as appellees Ludwig and Emielie Hentze were the owners of the premises involved, as joint tenants and not as tenants in common, that service on Ludwig Hentze would be all

that would be necessary to create a lien as to the interest of both Ludwig and Emielie Hentze in said premises.

We are of the opinion and hold that this contention is not well taken; that before the interest of appellee Emielie Hentze can be made subject to said lien, she must have been served with notice as provided by statute. The mere fact that she may have been advised by her husband that he had been served with such notice would not be sufficient. *McPike v. Luer*, 230 Ill. App. 271; *Carney v. Tully*, 74 Ill. 375; *Haj v. American Bottle Co.*, 261 Ill. 362; *Sykes Steel Roofing Co. v. Bernstein*, 156 Ill. App. 500.

The next question involved on this record under the assignment of errors is as to whether the interest of appellee Ludwig Hentze became subject to a lien in favor of appellant by virtue of said notice so served on him. It is the contention of appellees that neither the interest of Ludwig Hentze nor of Emielie Hentze in said premises is subject to a lien in favor of appellant, and that in order to subject the interest of either of said parties to such lien, notice must have been served on both of them; that the interests of both must be subject to said lien, or that neither can be, inasmuch as they are joint tenants and not tenants in common of said premises.

The mechanic's lien statute provides, in effect, that whatever interest a party may have in the premises involved may become liable to a lien in favor of a contractor, subcontractor or materialman, if the steps provided for in the statute in reference thereto have been followed. There is no contention that the notice, so far as Ludwig Hentze is concerned, was not in proper form and was not given in proper time. This being true, we hold that the interest of said Ludwig Hentze is subject to a lien in favor of appellant for materials so furnished, so far as the same remains unpaid. This holding, we think, is supported by the Su-

preme Court in *Lawler v. Byrne,* 252 Ill. 194, and in *Hacken v. Isenberg,* 288 Ill. 589-593.

Lastly, the question arises as to whether or not appellee Ludwig Hentze is entitled to credit for the $1,000 paid by Reinhardt, the contractor, to appellant. The record specifically shows that the only funds Reinhardt had in said bank were funds placed to his credit by appellees Ludwig and Emielie Hentze, and that the $1,000 paid to appellant was paid out of said funds.

A court of equity, under circumstances such as these, will credit to the owner of the premises the amount so paid to the materialman, even though the materialman may not have known, at the time said fund was paid, from whom the contractor may have received the same. *Clow & Sons v. Goldstein,* 147 Ill. App. 571; *Sioux City Foundry & Mfg. Co. v. Merten,* 174 Iowa 332, L. R. A. 1916D 1247, 156 N. W. 367.

In *Clow & Sons v. Goldstein, supra,* being a mechanic's lien case, and where the facts involved were of a similar character to those involved in this case, the court in discussing the same at page 574, says:

"The general doctrine as to the application of payments undoubtedly gives the creditor the right, in the absence of a direction, to apply the credit according to his own selection, or the law in certain cases will apply it to the item first due. But a different doctrine obtains where the rights of third parties are involved. Then the law will apply the payment as may seem reasonable and just. *Dehner v. Helmbacher Forge & Rolling Mills,* 7 Ill. App. 47, and cases in that opinion cited. What is reasonable and just as applied to the facts of this case must determine our judgment. Some of the facts controlling on this point rest in the former dealings of plaintiff with Hoffman. It knew he bought its goods in the usual course of his business as a plumber, and that the purchases were for jobs he had in hand which necessitated the placing of its material in the buildings of third parties. At every pur-

chase it was within the plaintiff's power to ascertain from Hoffman the building in which he purposed to install the goods bought, the name of the owner, and all the particulars of the transaction; and when Hoffman made payments, plaintiff could, if it so desired, have discovered on whose account the money had been received, and apply it accordingly. No such effort was made by plaintiff, and while there was no legal obligation resting upon it to discover any of the conditions, nevertheless, when the rights of a party having no contractual relationship with a claimant is involved, he whose equity is the strongest must prevail. There can be no dissent as to where the equities lie in this case as between plaintiff and Goldstein. Defendants have plaintiff's goods and plaintiff has received defendants' money in payment. Not so paid and designated, but in fact so received. That is sufficient to discharge the lien claimed; although it in no way affects the right of plaintiff to recover whatever may be due from Hoffman to it on any account.''

Following the holding in *Clow & Sons v. Goldstein, supra,* and the Iowa case, we are of the opinion and hold that appellee Ludwig Hentze is entitled to credit on said claim for the $1,000 paid, leaving the balance unpaid for principal, $212.96.

For the reasons above set forth, the judgment and decree of the trial court will be reversed and the cause will be remanded with directions to the trial court to enter a decree awarding appellant a mechanic's lien on the interest of Ludwig Hentze in the premises involved, for the sum of $212.96, with interest thereon at 5 per cent per annum from the date of the last delivery of said materials.

*Reversed and remanded with directions.*