# Ann Gould *et al.*

### *v.*

# David Garrison *et al.*

1. Mechanics' lien—*of the service of process by publication in proceedings to enforce—equivalent to personal service.* In a proceeding to enforce a mechanic's lien, where personal service cannot be had upon the parties, notice by publication, duly made, is equivalent to personal service, and such parties are thereby brought within the jurisdiction of the court, and amenable to a decree as well *in personam* as *in rem.*

2. Same—*plaintiff entitled to general execution.* And in such case, a decree ordering a general execution against the property of the defendant, is in strict accordance with the statute.

3. Statutes—*act of 1857 relative to judgments and executions has no reference to sales under decrees in chancery.* The statute of 1857, in relation to publishing in newspapers notices of sales on execution, has no application to sales under decrees in chancery.

4. Decrees—*sales under—governed by the court rendering the decree.* The time and mode of advertising, and making sales under decrees, are discretionary with the court, and the officer making such sales must conform strictly to the decree, whatever it may be.

5. MECHANICS' LIEN—*in proceedings to enforce against several parties—who make no defence—a lien on the premises generally may be decreed.* Where the petition in a mechanic's lien proceeding against two parties, prayed a discovery of both as to their interests, neither of whom made any answer or defence, and were defaulted, it is no objection in such case, that the petitioners were decreed a lien on the premises generally.

6. SAME. And in such case, the decree need not state the respective interests of the parties, and if, thereby, a cloud has been cast upon the title of a party who neglected to make a discovery of his interest, he cannot complain, it being so by his own *laches.*

WRIT OF ERROR to the Superior Court of Chicago.

This was a proceeding to enforce a mechanic's lien, the facts in which are sufficiently stated in the opinion.

Messrs. JEWETT & JACKSON, for the plaintiffs in error.

Mr. C. M. HARDY, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The objections to these proceedings, which are assigned as error, do not appear to be well taken.

The first objection, that a general execution was ordered against the property of Ann Gould, she not being within the jurisdiction of the court, is not founded on fact. As the supplemental record shows, a subpœna in chancery was duly issued against her, and returned *non est,* on which an order of publication was duly taken and made, by which she was brought within the jurisdiction of the court. Being within its jurisdiction, she was amenable to a decree, as well *in personam* as *in rem.* The ninth section of the mechanic's lien law provides that notice given to parties by publication in newspapers, under the direction of the court, shall be equivalent to personal service of such notice. Scates' Comp. 157. Ann Gould was, therefore, within the jurisdiction of the court,

for all purposes connected with the suit, and a general judgment against her, in such case, is within the spirit and meaning of section 26 of the same act. The case of *Conn* v. *Caldwell*, 1 Gilm. 536, has no application, as that case arose under the attachment law.

It is further objected, that the decree provides for advertising the property in a manner not authorized by law. The decree required the sheriff to post notices of the sale for twenty days, three of them in three of the most public places in the county, and one on the premises. It is insisted that the act of 1857, relating to judgments and executions, requires, in addition to these notices, a notice in some newspaper.

It is not understood that this statute was intended to apply to sales under decrees in chancery, nor has it been so applied. The time of advertising, the manner thereof, and the terms of sale, are all within the discretion of the court granting the decree, and the officer must conform to the decree, whatever it may be.

The third point made by plaintiff in error is, that the decree finds the money is due complainants from both defendants, whereas the petition shows the contract to have been made with Ann Gould alone.

On the 18th of May, 1868, the default of the defendants was entered, and the clerk inserted the following : "And the court now here, after hearing the allegations and proofs submitted herein by the petitioners, and being fully advised in the premises, finds that there is due and owing said petitioners, from the defendants, the sum of seven hundred and sixteen dollars."

The final decree, however, was not entered until May 25, one week thereafter, and which is alone against Ann Gould. It is, in all particulars, in strict conformity with the statute.

The remaining objection is, that the decree should state the interests of the respective defendants, and not decree the petitioners to hold a lien on the premises generally.

The answer to this is, that the petition prayed a discovery of those interests, and though Walker was served with a subpœna some months before the decree was entered, he made no answer or defense, and made no discovery of his interest, and if thereby, by reason of his *laches*, or inattention to his interests, a cloud has been cast upon his title, it is the consequence of his own neglect.

There being no error in the record, the decree must be affirmed.

*Decree affirmed.*