JOHN E. VAN PELT

*v.*

THOMAS DUNFORD *et al.*

1. BILL OF EXCEPTIONS—*when necessary.* Affidavits filed in aid of a motion for a new hearing in a proceeding to enforce a mechanic's lien, which are not made a part of the record by the certificate of the judge who heard the cause, will not be considered by this court.

2. SAME—*presumption* From the mere fact that such affidavits appear among the files of the cause, it will not be presumed that they were heard by the court below.

3. MECHANICS' LIEN—*limitation clause—construction of statute creating it.* The limitation created by the statute, (Gross' Comp. p 425, sec. 24,) is for the benefit of the creditors, and has no application as between the mechanic or material man, and the principal debtor.

4. ERROR—*by whom assignable.* And in a proceeding to enforce a mechanics' lien, where it appears from the record that certain parties, alleged to have been creditors of the appellant, were made parties defendant, and duly served with process, and on the hearing were regularly defaulted, and the bill as to them taken as confessed, errors relating to such persons, they having failed to assert any claim in the court below, or join in the appeal to this court, can not be alleged by the appellant, to reverse a decree properly rendered against himself.

APPEAL from the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a proceeding to enforce a mechanics' lien, instituted in the circuit court of Greene county by the appellees, Thomas Dunford and George Davis, against the appellant, John E. Van Pelt, for an engine and certain mill machinery alleged to have been furnished to appellant by the appellees. There was a trial before the court and a jury, which resulted in a verdict for appellees, for $2,264.13; whereupon a decree was entered by the court for the amount so found to be due, directing its payment within ninety days, and in default thereof, the premises mentioned in the bill, to be sold·in satisfaction of the same. The appellant now brings the record to this court, by appeal.

Mr. JAS. W. ENGLISH, for the appellant.

Messrs. WARREN & POGUE, and Messrs. BROWN & EPLER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The appellant seeks a reversal of the decree in this cause, on two grounds. First, that the court ought to have awarded a new hearing on the affidavits filed in aid of a motion for that purpose. The affidavits to which reference is made form no part of the record, and can not be considered by the court. The appellant, to obtain the benefit of the affidavits in this court, should have had the same made a part of the record by the certificate of the judge who heard the cause in the circuit court. In the absence of such certificate, we will not presume, from the mere fact that the affidavits were found among the files of the cause, that the same were read to the court. There is no certificate of the judge making the affidavits we are asked to consider, any part of the record, and for that reason we must decline to look into them. That which purports in the record to be a certificate of the evidence, is not signed by the judge who heard the cause on the circuit.

The second ground relied on is, that the bill or petition was not filed for more than six months after the debt became due, for which the lien is sought to be established, and therefore, inasmuch as it appears, from the petition itself, that there were creditors of the appellant, whose rights would be affected by the proceeding, that the decree is erroneous as to them.

By the express terms of the statute, (Gross' Comp. p. 425, § 24,) it is provided, that if the mechanic or material man fails to assert his rights within six months after the last payment shall have become due under his contract, the lien created by the statute shall not prevail against the rights of creditors of the party with whom the contract was made. This limitation, however, is for the benefit of the creditors, and not for the benefit of the debtor. In this case the creditors are not complaining,

and the question that arises is, whether the appellant can assign errors in their behalf.

It appears from the record that the parties alleged to have been creditors of the appellant, were, on the hearing, regularly defaulted, and the bill was taken as confessed, as to them. They did not assert, or claim any rights in the premises, in the court below, nor have they joined in this appeal. These parties were all regularly served with process in apt time, and if they had any rights that were cut off by this proceeding, it is the result of their own neglect. .

· The effect of the allegation in the bill was to call on the defendants named as supposed creditors, to discover what interest, if any, they had in the premises, and having failed to do so, a default was properly entered against them. *Gould* v. *Garrison,* 48 Ill. 258.

From the fact that the creditors, when called upon by the allegations in the bill, made no disclosure of their interest in the premises, and do not now complain, we may presume that they are satisfied with the decree. It is not in the power of the appellant to assign errors in their behalf when they do not join in the appeal. The limitation clause of the statute has no application as between the mechanic or material man, and the principal debtor, and the appellant can not avail of an error, if any exists, to the prejudice of the rights of his creditors, to reverse a decree properly rendered against himself.

The objections are not well taken, and the decree must be affirmed.

*Decree affirmed.*