In his complaint the plaintiff alleged, that at Spring Term, 1869, of Iredell Superior Court, he obtained "an absolute judgment" against the testator of the defendant, and one T. B. Neill, who were executors of John Neill, and also against one Falls, and that the assignee of Falls had paid one-half of the judgment. That Clark, the testator of the present defendant, and one of the executors of Neill, is dead, and that defendant, by his will is the executor.
The plaintiff further alleges, that execution issued against Clark, Sr., and Neill, the executors of John Neill, and was returned "wholly unsatisfied."
To this complaint the defendant demurs, and for cause says:
1. That the plaintiff does not allege in his complaint that the execution was returned "nulla bona."
2. That at the time of "issuing this writ, there was and is now a surviving executor of John Neill, deceased, to-wit: one T. B. Neill, who is alone, both to be sued in this action"; and defendant avers that said surviving executor was, and still is, within the jurisdiction of the Court. And for further cause, the defendant showeth, that there was, and is now a suit pending in this Court for the same cause of action.
(119) On the trial below, the defendant moved to dismiss the action, on the ground that the plaintiff's only remedy was by a motion in *Page 89 
the cause, wherein his judgment against the executors of John Neill was obtained. This motion was refused.
No evidence was offered as to any action pending by plaintiff against the defendant, when this action was brought, and it appeared there was no such action (except that named in complaint). It was admitted that Neill, one of the executors of John Neill, was insolvent, and living in Iredell county when the plaintiff sued.
The Court overruled the demurrer, and gave judgment against the defendant for the amount of the plaintiff's claim and for costs. From this judgment the defendant appealed.
The first ground upon which the demurrer is put cannot be sustained. The return to the execution "wholly unsatisfied," is not a sufficient return, as it does not conclusively appear thereby that no goods of the testator were to be found. After an absolute judgment against executors the usual course is to issue an execution and have it returned, "no goods or chattels of the testator to be found." Upon sci. fa. or defendant suggesting a devastavit, the judgment shows that the executor had assets, and the return of the sheriff that the assets cannot be found, fixes the executor with a devastavit; but if the plaintiff in the judgment chooses to take upon himself the onus of providing a devastavit, by proofaliunde, there is no necessity for an execution to issue and be returned nulla bona, provided the executor can be fixed with a devastavit
by other proof. After an action of ejectment, the usual course is to issue a writ of possession and have it returned "executed" before issuing a writ for mesne profits; but the writ may be issued without such execution and return, provided the plaintiff is prepared to (120) prove that he had obtained possession before the commencement of the action.
2. The second ground upon which the demurrer is put is well taken. The office of executorship is joint, and if one of two executors dies, the office survives, and the survivor is to take into his possession all of the estate of the testator so as to finish the administration of his estate. The presumption of law from the rights of the surviving executor is, that after the death of Clark, Sr., all of the estate of the testator, which had not been administered, passed into the hands of Neil the surviving executor. It follows, that Clark, Jr., the executor of Clark, Sr., can not be used without joining the surviving executor, in whose hands the assets of the testator are supposed to be, or rather into whose hands the assets are supposed to have passed. If such be the fact, the executor of Clark, Sr., is not responsible, as his testator is not fixed with a devastavit, So *Page 90 
the merits of the case depend upon whether Clark, Sr., was guilty of adevastavit, or whether at his death the assets passed into the hands of the surviving executor, and although he be insolvent, the executor of Clark, Sr., is entitled to have him made a party to the action.
Indeed, it might be made a question, whether a creditor of the first testator could at law maintain an action against the executor of a deceased executor, and was not left to his action against the surviving executor, who represents the estate. It is clear from the authorities that he cannot sue him alone, and must join the surviving executor.
The insolvency of the surviving executor does not alter the case; if the assets have passed into his hands they are lost, if he has not got them in hand, the remedy of the creditor is in equity, to prevent the executor of the deceased executor from paying them over to the surviving (121) executor, and having them applied to his judgment debt, and in case of a devastavit, having the onus fixed on the party who committed it.
Judgment reversed, and judgment that the writ be quashed.
PER CURIAM. Reversed.