THE FIRST BAPTIST CHURCH OF CHICAGO

*v.*

ALFRED H. ANDREWS *et al.*

1. MECHANIC'S LIEN—*right to execution in first instance.* In a proceeding by a sub-contractor to enforce a lien against a building, it is error to award an execution, in the first instance, against the defendants. That writ can be issued only for the balance due after sale of the property upon which the lien exists.

2. Where the suit of a sub-contractor is personal against the owner and principal contractor, and not against the property, the judgment must be personal, as in other cases, and it can be enforced only by a general execution.

3. PRACTICE IN SUPREME COURT—*remandment with directions.* Where a decree was modified in this court, the cause was remanded with directions to the court below to execute the decree as modified.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. GWYNN GARNETT, for the appellant.

Mr. MORTON CULVER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellees, as original and sub-contractors for materials furnished the church, after giving the notice required by statute, filed their petition to enforce a lien on the property thus improved. The court below, on a hearing, found that they were entitled to, and decreed that they held, a lien on the property, as original contractors, for the sum of $316.51, and as sub-contractors, $1263. The decree, after settling the rights of the parties, ordered the sale of the property, if the money was not paid in thirty days from the date of the decree, and directed the disposition of the money arising from the sale; but the decree also provides that execution at once issue against the church and the original contractors for the collection of the sum of $1263 and interest, and against the church for the sum of $316.51 and interest, and costs. From this decree the church appeals.

It was error to award an execution, in the first instance, in this proceeding. It is purely of statutory origin, and must be controlled by enactment. On a petition to enforce the lien, the 25th section of our present revision authorizes an execution to issue for any balance that remains, after selling the property on which the lien exists, and ordered to be sold; but neither it nor any other provision of the Lien law authorizes a personal execution to issue, in the first instance, on an order or decree under a petition; and this is the extent of the decision in the case of *Gould* v. *Garrison*, 48 Ill. 258. It refers to, and is based on, this section.

There was a change made in the Lien law by the adoption of sections 29 to 37 inclusive. The 30th and 37th provide the mode in which sub-contractors shall proceed to enforce their rights. The latter of these sections authorizes them, after giving the notice provided for in the former, to file their petition as provided for original contractors, or to sue the owner and principal contractor, and recover a personal judgment, as in other cases. Thus it is seen that, where a lien in

favor of a sub-contractor is enforced, it is governed by the law regulating proceedings had for the purpose, and the 25th section applies; but where the suit is personal against the owner and principal contractor, and not against the property, then the statute has provided that the judgment may be personal, as in other cases. In this latter proceeding, the only mode of enforcing the judgment is by a general execution, as on other judgments at law.

For the error in awarding execution in the first instance, the decree must be reversed, and it is so far modified as to require the property to be sold as therein required, and if it fails to produce a sufficient fund to pay the amount found to be due and ordered to be paid, then, and not till then, an execution shall issue for the collection of the unpaid balance of the decree.

A careful examination of the record fails to show any other error, and the decree is affirmed in all other things than the error above indicated. The cause is remanded, with directions that the court below execute the decree as above modified.

*Decree modified.*