AUSTIN L. MERRICK *et al.*

*v.*

LIZZIE J. CARTER.

*Opinion filed October 26, 1903—Rehearing denied December 4, 1903.*

1. JUDICIAL SALES—*the statute must be strictly followed in enforcing justice of peace judgment.* In enforcing a judgment of a justice of the peace against real estate the statute must be strictly followed or no title will pass by virtue of the sale.

2. SAME—*what essential to the validity of transcript and proceedings thereunder.* A transcript of a judgment of a justice of the peace, and all proceedings thereunder, are void, unless the transcript shows on its face the issue of an execution by the justice of the peace and its return *nulla bona* by the proper officer.

3. SAME—*what not equivalent to a return nulla bona.* The return of an execution "no part satisfied" is not equivalent to the return required by statute that the defendant has no personal property within the county sufficient to satisfy the judgment and costs, and is insufficient.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

F. A. BINGHAM, and EDWARD MARSHALL, for appellants.

JOHN C. WILSON, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery, filed in the circuit court of Cook county, to set aside and remove as clouds upon the title of appellee to the premises described in the bill, a sheriff's deed made to appellant Austin L. Merrick by the sheriff of Cook county, bearing date March 23, 1897, and recorded in said county on the same day; a trust deed executed by Austin L. Merrick to Edward Marshall on the premises, dated September 25, 1898, and recorded in said county; also a decree of the circuit court of Cook

county foreclosing said trust deed, entered on September 11, 1901, and a certificate of sale thereunder bearing date October 10, 1901. Answers and replications were filed, a hearing was had in open court and a decree was entered in accordance with the prayer of the bill, and an appeal has been prosecuted to this court.

The appellee became the owner of the premises in controversy on October 27, 1887, when she paid therefor $2500, and it is now admitted the same are worth from $3500 to $3600, and occupied the same, with her mother, as a homestead until the time of her mother's death, in the year 1893, since which time she has continued to reside thereon. On the 14th day of February, 1894, Lewis & Carnahan obtained a judgment before George H. Harlow, one of the justices of the peace of Cook county, against the appellee for $100. On June 20, 1894, an execution was issued on said judgment and delivered to Walter W. Ford, a constable of said county, to serve, which execution was thereafter returned endorsed, "Demand made August 7, 1894; return execution; no part satisfied; August —, 1894." On November 3, 1894, a transcript of said judgment was filed in the office of the clerk of the circuit court of said county. On October 8, 1895, an execution issued upon said transcript to the sheriff of Cook county, which was levied upon said premises on the next day. On November 12, 1895, said premises were sold to John F. Stewart for the sum of $129.95, and on the 23d day of March, 1897, a deed was made to the appellant Austin L. Merrick, as assignee of said certificate. Afterwards Austin L. Merrick executed to Edward Marshall, as trustee, a trust deed to secure the payment of $1500, which has been released, and on the 25th day of September, 1898, he executed another trust deed to Edward Marshall, as trustee, to secure the payment of $1000, which was filed for record in said county on October 31, 1898. On June 7, 1901, the appellant Henry W. Drath, the holder of the notes secured by said trust deed, upon which

it was claimed there was due $800, filed his bill in the circuit court of Cook county against Austin L. Merrick and Edward Marshall to foreclose said trust deed, and upon September 11, 1901, obtained a decree of foreclosure, and on the 10th day of October, 1901, said premises were sold to satisfy said decree, Henry W. Drath being the purchaser at said sale. The appellee was not made a party to said foreclosure proceeding, and she testified upon the trial that she did not know a judgment had been obtained against her before said justice; that no demand was ever made upon her to pay the same by the constable or sheriff, and that she did not have any knowledge thereof until an attempt was made to get possession of the premises in the foreclosure suit through a receiver.

The basis of the title of the appellants is the sheriff's sale upon the execution issued upon the transcript of the judgment of the justice, in favor of Lewis & Carnahan, against the appellee. If that sale was void the appellants have no interest in the premises, and the court properly set aside and canceled their titles as clouds upon the title of appellee. The Justice act in force at the time the transcript was filed in the office of the clerk of the circuit court, as now, provided: "When it shall appear by the return of the execution　*　*　*　that the defendant has not personal property sufficient to satisfy the judgment and costs within the county [district] in which judgment was rendered, and it is desired by the plaintiff to have the same levied on real property in that or any other county, [district,] it shall be lawful for the justice to certify to the clerk of the circuit court of the county in which such judgment was rendered, a transcript, which shall be filed by the said clerk, and the judgment shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon, out of that court, as in other cases." (2 Starr & Cur. Stat.—2d ed.—par. 135, p. 2454.)

In *Wooters* v. *Joseph*, 137 Ill. 113, on page 116 it was said: "The issuing of an execution to the constable, and his return thereon that the defendant has not personal property sufficient to satisfy the judgment and costs within the county in which the judgment was rendered, are conditions precedent to the right to have a transcript filed with the circuit clerk." And in *Hobson* v. *McCambridge*, 130 Ill. 367, it was held that unless the transcript shows, upon its face, the issue of an execution by the justice and its return *nulla bona* by the proper officer, the transcript and all proceedings thereunder are absolutely void and of no effect.

The method of enforcing the judgment of a justice against real estate is purely statutory, and such statutory proceeding must be strictly pursued or no title will be obtained by virtue of a sale thereunder. (*Illinois Central Railroad Co.* v. *Weaver*, 54 Ill. 319; *Webster* v. *Steele*, 75 id. 544.) The return of the constable may have been absolutely true and yet the defendant had ample personal property in her possession in said county to satisfy the execution, and the return of that officer falls far short of a return "that the defendant has not personal property sufficient to satisfy the judgment and costs within the county in which judgment was rendered." In *McDowell* v. *Clark*, 68 N. C. 118, it was held that the return of an execution "wholly unsatisfied" is not a sufficient return, as it does not conclusively appear therefrom that no goods of the execution debtor were to be found, and in *Langford* v. *Few*, 146 Mo. 152, that the words "not satisfied" were not synonymous with *nulla bona.*

We are of the opinion that the return of the constable was insufficient, that the transcript was not properly filed and that the sheriff's sale was void.

The decree of the circuit court will be affirmed.

*Decree affirmed.*