L. F. DUCEY *et al.* Defendants in Error, *vs.* ALBERT PETERSON, Plaintiff in Error.

*Opinion filed April 19, 1913.*

1. JUSTICES OF THE PEACE—*transcript must be made by justice of the peace having possession of docket and files at the time.* The fact that a certain person was justice of the peace at the time a judgment was recovered before him does not authorize him to certify to a transcript of such proceedings and judgment after he has ceased to be a justice of the peace, even though he is then a police magistrate, as such transcript must be made by the justice of the peace who is the custodian of the docket and files at the time the transcript is desired.

2. SAME—*police magistrate cannot lawfully succeed to the possession of the docket and files of justice of the peace.* Under the statute, whenever a person ceases to be a justice of the peace the docket and files of his office must be returned to the county clerk, who shall thereafter deliver them to the successor in office of such justice of the peace, and the fact that a person acting as a justice of the peace is elected to the office of police magistrate does not authorize him to retain his docket and files as justice of the peace or certify to a transcript therefrom.

3. LACHES—*when a party is not guilty of laches in attacking a sheriff's deed.* The fact that a partition suit, in which a sheriff's deed to a one-eighth interest in the land was attacked, was not begun until some thirteen years after the date of the sheriff's deed does not constitute *laches*, where the land conveyed by such deed was never in the possession of the grantee but was in the possession of another person as dower, until her death, about a month before the bill for partition was filed by the heirs.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

258 – 21

J. D. Hess, and W. H. Crow, for plaintiff in error.

L. T. Graham, for defendants in error.

Mr. Justice Cooke delivered the opinion of the court:

In a bill for partition filed in the circuit court of Pike county by L. F. Ducey and James A. Ducey, the defendants in error, it was alleged that said James A. Ducey was the owner in fee simple of an undivided one-eighth of the premises sought to be partitioned; that Albert Peterson, one of the defendants to the bill, who is the plaintiff in error here, claimed to be the owner of said undivided one-eighth interest, but that the said Albert Peterson has no right, title or interest in the premises or any part thereof. Peterson answered the bill, claiming to be the owner in fee of the undivided one-eighth interest above mentioned by virtue of a deed from George Geisendorfer to him, dated October 5, 1904, and it was further alleged that Geisendorfer obtained title to said undivided one-eighth interest by means of a deed from the sheriff of Pike county, dated August 3, 1899. No controversy arises over the title to the remaining undivided seven-eighths of the real estate in question, being a 70-acre tract of land in Pike county. A hearing before the chancellor resulted in the entry of a decree finding that James A. Ducey was the owner of the undivided one-eighth interest in controversy and that the defendant Peterson has no title or interest in or to the same. Peterson has sued out a writ of error from this court to reverse that decree.

In support of his claim of title plaintiff in error, Peterson, offered in evidence a transcript of proceedings before S. P. Rupert, who in 1895 was a justice of the peace in and for Pike county, in a case before the said justice wherein George Geisendorfer was plaintiff and James Ducey was defendant. This transcript was made on December 11, 1897, was signed by Rupert as "Justice of the Peace, P. M.," and

was filed with the clerk of the circuit court of Pike county on the day of its date. The copy of the summons contained in this transcript shows that it was dated November 7, 1895, and was returnable November 12, 1895, and the copy of the constable's return on the summons shows personal service by reading to James Ducey on *November 8, 1897,* although the copy of the docket entries shows this service on November 8, 1895. The sheriff's deed recites that Geisendorfer recovered his judgment before the justice of the peace on *December 11, 1897.* It appears that on November 12, 1895, S. P. Rupert was a justice of the peace in Pike county, but on December 11, 1897, when the transcript was made, he no longer held that office but was at that time a police magistrate for the city of Pittsfield. Defendants in error rely on the defects appearing on the face of the transcript and the sheriff's deed, and the fact that Rupert was not a justice of the peace, and therefore not the custodian of the records and files of that office, at the time the transcript was made, to sustain the decree.

It will not be necessary to discuss the effect of the alleged defects appearing on the face of the transcript and the sheriff's deed, as the transcript was void for the reason that it was not certified by the proper person. This method of enforcing judgments of justices of the peace is purely statutory, and in order to convey title thereunder the statute must be strictly followed. (*Merrick* v. *Carter,* 205 Ill. 73.) Section 1 of article 12 of the Justices and Constables act provides that when it shall appear, by the return of the execution, that the defendant has not sufficient personal property within the county to satisfy the judgment and it is desired by the plaintiff to levy on real property, it shall be lawful for the justice to certify a transcript to the circuit clerk, and the judgment shall thenceforward have the effect of a judgment of the circuit court. Section 2 of the same article provides that such transcript shall contain a copy of the summons and the return thereon, the judg-

ment, etc., and that it "shall be certified by the justice of the peace making the same, to be truly copied from the files and books of his office." The fact that Rupert, as justice of the peace, had rendered the judgment did not authorize him to make the transcript. That could only be done by the person who held that office and who was the custodian of the docket and the files pertaining to the judgment at the time the transcript was desired by the plaintiff in the cause. As Rupert had no authority to make the transcript, the same was void and afforded no basis whatever for the issuance of an execution by the clerk of the circuit court. It follows that the levy and sale by the sheriff were un-authorized and his deed of no effect.

It is urged that as Rupert, at the time of the making of the transcript, was a police magistrate, he may have suc-ceeded to the possession of the docket and files of the jus-tice of the peace and was then the lawful custodian thereof. Although a police magistrate has concurrent jurisdiction with justices of the peace, it is not possible for him, under our statute, to succeed to the possession of the docket and papers of a former justice of the peace. In case of the death of a justice of the peace, or in case he shall resign or remove from the town in which he was elected, or his term of office shall expire, it is his duty, or the duty of the person having possession of the same, to return his docket and all papers relating to the business transacted before him to the office of the county clerk, who shall deliver the same to the successor in office of said justice of the peace upon his election and qualification. (Laws of 1895, p. 219.) Al-though the jurisdiction of justices of the peace and police magistrates is the same the offices are separate and distinct, a justice of the peace being a town officer and a police magistrate being an officer of the city or village in which he is elected. A police magistrate cannot, therefore, suc-ceed to the possession of the docket and papers of a justice of the peace.

It is contended that the validity of the sheriff's deed can not be thus assailed after so long a lapse of time. This land was in the possession of Mary Ducey as dower until her death, in March, 1912. Plaintiff in error was never in possession under his deed and defendants in error were not entitled to possession until after the death of their mother. As defendants in error denied the validity of the sheriff's deed as soon as plaintiff in error attempted to assert any rights thereunder they cannot be charged with *laches.*

The decree of the circuit court is affirmed.

*Decree affirmed.*