(No. 14756.—Decree affirmed.)

ANTON SWANSON *et al.* Appellees, *vs.* JOSEPH KOHOUT
*et al.* Appellants.

*Opinion filed October 21, 1922.*

1. MECHANICS' LIENS—*statute requires special execution against
property subject to lien.*  In the enforcement of a mechanic's lien
it is required that the property against which the lien exists shall
be exhausted before resorting to other property, and the Mechan-
ic's Lien act contemplates that a special execution shall issue from
the circuit court against the property subject to the lien.

2. SAME—*what is competent proof that transcript of judgment
was not recorded in circuit court.*  A deputy clerk of the circuit
court may testify that he examined the records and that the tran-
script of the judgment of the justice of the peace in a proceeding
for a mechanic's lien was not recorded in the circuit court, and
such testimony will warrant the conclusion that the transcript was
never recorded as required by the statute, even though the execu-
tion issued by the circuit court recites that the judgment appears
of record, as such recital is not proof of the fact.

3. SAME—*transcript of judgment of justice of peace must be re-
corded in circuit court.*  As the Mechanic's Lien act must be con-
strued strictly and a party seeking to enforce a lien must bring
himself strictly within its terms, the provision requiring the tran-
script of the judgment of the justice of the peace to be spread
upon the records of the circuit court must be complied with before
any execution can issue from the circuit court, and the transcript
must contain a copy of the execution issued on the judgment, with
the return of the constable thereon.

4. JUDGMENTS AND DECREES—*statute for enforcing a judgment
against real estate must be strictly followed.*  In enforcing a judg-
ment against real estate the statute must be strictly followed or
the sale will pass no title.

5. LACHES—*laches cannot be first raised in the Supreme Court.*
The defense of *laches* cannot be made for the first time in the
Supreme Court.

6. SAME—*when owners are not barred by laches from removing
lien proceedings as cloud on title.*  Property owners are not barred
by *laches* from maintaining a bill to remove as clouds upon their
title proceedings for a mechanic's lien and deeds issued pursuant
thereto, where they have been continuously in possession through
their tenants, have refused to recognize the rights of the purchaser

at the sheriff's sale when notified of the sale and the deed made pursuant to it, have never at any time recognized any rights claimed by virtue of such proceedings, and bring their suit within a month after the institution of forcible detainer proceedings against them.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE F. RUSH, Judge, presiding.

HARRY H. FELGAR, for appellants.

LYMAN M. PAINE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees filed their bill praying that for reasons alleged in the bill a certain transcript of proceedings and judgment before a justice of the peace, filed in the circuit court, the levy of an execution on real estate and sale thereof by the sheriff, the deed executed by the sheriff to the purchaser at sheriff's sale, and subsequent deeds made by the sheriff's grantee, be canceled and set aside as clouds on appellees' title, and that the person claiming title to the land adversely be enjoined from prosecuting a forcible detainer suit or other action for possession. After answer filed the cause was referred to the master to take the testimony and report his conclusion. The master reported that appellees were entitled to the relief prayed and recommended a decree to that effect upon condition that appellees reimburse the purchaser at sheriff's sale to the amount of the justice of the peace judgment against appellees, with interest from the date of its rendition. The chancellor, after overruling exceptions of appellants, rendered a decree in accordance with the master's recommendation, and defendants have appealed.

Appellees, Anton Swanson and Tillie Swanson, are husband and wife. They owned lot 496, block 13, in Riverside, Cook county. Anton owned the east half of the lot and Tillie the west half. There was a residence on the east half of the lot. The west half was vacant. In 1914 Swanson employed B. A. Melborn, a contractor, to repair the

residence. The Drexel Sash and Door Company furnished the material, and it brought suit in a justice court against both Swanson and the contractor for a balance due for the price of material furnished, $53.38, and obtained judgment by default against Swanson and Melborn on November 21, 1914. Mrs. Swanson was not served with summons. The judgment recites the material was furnished on the order of Melborn and was used in repairing the building; that there was a balance due the Drexel Sash and Door Company of $53.38; that plaintiff had caused a notice of mechanic's lien to be served on Swanson according to the requirements of the statute. The judgment recited that plaintiff have a mechanic's lien on the property, the lien to attach as of June 1, 1914, and that execution issue. An execution was issued December 15, 1914, and delivered to a constable. It was returned January 23, 1915, the return stating Swanson and Melborn had no personal property to satisfy the judgment. A transcript of the judgment was filed in the circuit court January 29, 1915. A general execution was issued out of the circuit court January 30, 1915, and placed in the hands of the sheriff of Cook county. It was returned no property found and no part satisfied. Another general execution was issued August 4, 1915. It was returned satisfied by a sale of the property in controversy to E. W. Froehlich on September 7 for the amount of the judgment and costs, $77.03. A certificate of purchase was issued by the sheriff to Froehlich, which was filed September 15, 1915. The certificate was assigned to Joseph Meydrech, who is president of the Drexel Sash and Door Company. No redemption having been made from the sale, the sheriff made a deed to Meydrech on January 23, 1917, which was recorded January 27, 1917. In February, 1921, Meydrech sold the property to Kohout for $500. Kohout made a trust deed on the property to secure his note for $2000 and insured the premises for $3500. He sold the note to Novotny for $1800. The master found the lot was

the homestead of the Swansons and had never been abandoned by them as such. He also found the transcript of the justice of the peace judgment was never recorded in the circuit court, and that the execution issued from the circuit court and the levy and sale under it were void. The decree as abstracted approves and confirms the master's report and grants the relief prayed but makes no specific finding on the homestead question.

Appellants argue the evidence showed the homestead has been abandoned; that Swanson and wife are separated, she residing in California and he in Illinois, and no homestead right existed in either of them. Appellees say they do not rest their claim for relief on the provisions of the homestead exemption laws, but base their right to relief on the ground that the sheriff's deed was void because it rested on an execution wholly void for lack of authority in the clerk of the circuit court to issue it; that the execution, levy and sale by the sheriff were void, and they and all subsequent deeds are clouds on appellees' title. The material contention of appellees is that the transcript of the justice of the peace judgment filed in the office of the clerk of the circuit court January 29, 1915, was never recorded, and the clerk therefore had no authority to issue an execution.

Section 28 of the Lien act provides for the enforcement of liens in suits at law, and such action may be brought in the court of a justice of the peace where the amount involved does not exceed his jurisdiction. Section 29 provides if an execution issued on a judgment obtained from a justice of the peace is returned not satisfied, "a transcript of such judgment may be taken to the circuit court and spread upon the records thereof, and execution issued thereon as in other cases except that the lien of the same shall be preserved as a preferred lien on the property improved from date recited in the judgment, and enforced thereon the same as if a decree had been rendered by the circuit court in a suit to enforce such lien under the provision of this act."

304—39

The judgment of the justice of the peace in this case recites that it is for material furnished by plaintiff, a sub-contractor, to improve the premises; that plaintiff has a lien on the premises described for the payment of the judgment. The justice of the peace could not issue a special execution against the real estate, but by filing a transcript of it in the circuit court, "and having it spread on the records thereof," the plaintiff was entitled to have execution issued. We are of opinion the statute contemplates that the execution issued from the circuit court shall be a special execution against the property subject to the lien. In the enforcement of mechanics' liens it is required that the property against which the liens exist shall be exhausted before resorting to other property. *First Baptist Church* v. *Andrews,* 87 Ill. 172; *Green* v. *Sprague,* 120 id. 416.

We do not understand appellants to deny that if the transcript was never recorded, the execution, levy and sale were unauthorized and void. They insist the proof shows the transcript was recorded. M. P. Delano, on behalf of appellees, testified he was deputy clerk of the circuit court. He produced the transcript of the justice of the peace judgment and said it was a file of the office and was not recorded in any book. He testified that in May, 1907, the clerk discontinued recording justice's transcripts unless the fee was paid and request made that the transcript be recorded. Such transcripts were recorded in "Record J, Letter J." Witness had examined "Record J" and there was no record of the transcript. Appellants contend that this proof was not competent; that it was merely the testimony of a public officer as to his conclusion. The proof was competent and in the absence of any other proof warranted the conclusion the transcript was never recorded. *Cross* v. *Pinckneyville Mill Co.* 17 Ill. 54; *City of Beardstown* v. *City of Virginia,* 81 id. 541; 1 Greenleaf on Evidence, sec. 78; 16 Cyc. 936.

Appellants offered no evidence that the transcript was recorded. There was introduced in evidence by appellees a copy, certified by the clerk of the circuit court, of the transcript of the judgment, execution issued out of the circuit court, levy, sale, certificate of purchase, and deed issued by the sheriff. The execution issued August 4, 1915, commands the sheriff to collect a judgment recovered before a justice of the peace, "as appears by the judgment transcript filed on the 29th day of January, 1915, and also the further sum of nine dollars and ninety-five cents, which were adjudged to the said plaintiff for its costs and charges in that behalf expended, whereof the said defendants were convicted, as appears to us of record." Appellants rely on the last six words of the execution, "as appears to us of record," as proof that the transcript was recorded. That is not a statement that the transcript was recorded and cannot be accepted as proof of that fact against the testimony of the deputy clerk that it was not recorded; that he had examined the record and that the instrument was not recorded.

Under the testimony the court correctly found the transcript was never recorded. The section of the Lien act we have above quoted required the transcript to be spread upon the records of the circuit court before any execution issued. The statute in regard to mechanics' liens must be construed strictly and a party seeking to enforce it must bring himself strictly within its terms. *Cronin* v. *Tatge,* 281 Ill. 336; *O'Brien* v. *Gooding,* 194 id. 466; *May Brick Co.* v. *General Engineering Co.* 180 id. 535.

The Justices and Constables act provides that when an execution on a judgment is issued and returned no property found out of which it could be satisfied, a transcript of the judgment may be certified by the justice of the peace to the clerk of the circuit court and filed by him, and it shall then have the effect of a judgment of said court and execution shall issue as in other cases. The statute specifically provides the transcript shall contain a copy of the execu-

tion issued on the judgment, with the return of the constable thereon. It has been held that in enforcing a judgment against real estate the statute must be strictly followed or the sale will pass no title. *Merrick* v. *Carter,* 205 Ill. 73; *Ducey* v. *Peterson,* 258 id. 321.

The lot in controversy has continuously been in the possession of appellees by tenants. Appellants argue appellees are barred by *laches* from maintaining their bill. The basis of this contention is that the sheriff's deed was made to and recorded by Meydrech in January, 1917. Very soon thereafter Meydrech showed Swanson the deed and made demand on him and on the tenant in possession for the premises but the same was refused. Afterwards Meydrech went into the army, and nothing further appears to have been done about the matter until February 4, 1921, when he sold and conveyed the lot to Kohout for $500. After Kohout got the deed he demanded the rent from the tenant, who refused to pay it to him. He then began a forcible detainer suit in March, 1921, and the bill was filed in June, 1921. It does not appear from the record that the question of *laches* was raised in the court below although appellants say in their brief it was. Such a defense cannot be made for the first time in this court. (*O'Halloran* v. *Fitzgerald,* 71 Ill. 53; *Walker* v. *Denison,* 86 id. 142.) But if that defense had been made in the court below it would have been unavailing. Appellees, through their tenants, have been continuously in possession. Swanson refused to recognize the rights of the purchaser at the sheriff's sale when notified of the sale and the deed made pursuant to it and has remained in possession and control of the property. He never at any time or in any manner recognized any rights claimed by appellants and is not barred by *laches* from maintaining the bill. *Ducey* v. *Peterson, supra; Parker* v. *Shannon,* 137 Ill. 376.

The decree is affirmed.

*Decree affirmed.*