Crosby *v.* Loop et al.

HENRY L. CROSBY, Appellant, *v.* HENRY LOOP et al., Appellees.

APPEAL FROM BOONE.

An entire contract cannot be apportioned, and the performance of it enforced in fragments.

An order, given by the lessor of premises to his lessee, directing him to pay two thirds of the rent due upon a lease, does not amount to such an assignment of the rent reserved by the lease, as to enable the holder of the order to bring an action in his own name.

THIS cause was heard before J. G. WILSON, Judge, at the April term, 1853, of the Boone Circuit Court, upon appeal from a justice of the peace.

The facts are stated in the report of a case between the same parties, on page 625, in the thirteenth of Illinois Reports.

FULLER and BURGESS, for appellant.

S. A. HURLBURT, for appellees.

TREAT, C. J. The facts of this case are the same as those in the case between the same parties, reported in 13 Illinois, 625, except in a few particulars. The suit was in reference to a different instalment of rent; and these additional facts were proved. In October, 1851, Loop & Sons purchased one fourth part of the mills of Saxton; and they have since had the possession of the whole of the mills, either by themselves or their tenants. About the time the first instalment of rent under the lease from Crosby to Robinson & Co. fell due, Crosby tendered Loop & Sons a formal assignment, under seal, of that portion of the rent specified in the order, which they refused to accept. N. Crosby, one of the firm of Robinson & Co., has been solvent ever since the execution of the lease.

It was decided, in the former case, that the drawing of the order, in connection with the grant of the reversion and the reservation of the rent, did not amount to an assignment of two thirds of the rent reserved by the lease, so as to authorize Loop & Sons to maintain an action, in their own names, for the recovery of the same; that they could not maintain an action in the name of Crosby, because the order embraced but a part of the rent; and that, on the refusal of the lessees to accept the order, Crosby became liable to Loop & Sons for the amount of the order, it having been drawn upon a past consideration. Upon further reflection, we are satisfied that these conclusions are correct, and shall adhere to them. The only question then is, whether the additional facts now presented change the legal aspect of the case. It is clear that Loop & Sons were not bound to accept an assignment of the rent. It required the assent of both parties to make any change in the terms of the contract. It was no part of the original contract, that the rent should be assigned. On the contrary, it was expressly reserved in the grant of the reversion. Nor does the ability of the lessees to pay the rent cut the least figure in the case. They were the tenants of Crosby, and not of Loop & Sons; and he alone could institute proceedings for the recovery of the rent. The fact that Loop & Sons have had the exclusive possession of the demised premises, constitutes no defence to this action. They doubtless acquired the possession with

the consent of Robinson & Co., and the other parties interested in the mills. But such an arrangement would not bind Crosby, if made without his assent, nor release Robinson & Co. from their liability to pay him rent. It is not like the case of the landlord entering upon the possession of the tenant; or the surrender of the premises by the tenant to the landlord. In such cases, the tenant would be excused from the payment of rent.

The judgment is affirmed.

*Judgment affirmed.*