Davis v. Rittenhouse & Embree Co.

---

Samuel Davis et al. v. Rittenhouse & Embree Co. et al.

92    341
a191s  372

1.  Mechanics' Liens—*Right to the Remedy Based upon the Statute.*— The right to the remedy by a mechanic's lien is based upon the statute, and its provisions must be complied with in order to entitle a person to such remedy.

2.  Same—*Requisites of the Notice of a Sub-Contractor's Lien.*— Under section 25 of chapter 82, R. S., entitled "Liens," a sub-contractor must, within sixty days after completing work or furnishing materials,

cause a written notice of his claim, or a copy of his contract, if in writing, to be served on the owner, architect or superintendent in charge, and such notice must state the amount due or to become due to such sub-contractor and the time when it became due or will become due.

3. CHANCERY PRACTICE—*Objections Not Made Before the Master, Can Not be Made in the Appellate Court.*—The objection that a sub-contractor did not file with his notice for a lien, a copy of his contract, if not presented to the master as an objection to his report, can not be raised in the Appellate Court.

4. ATTORNEYS' FEES—*In Proceedings for Mechanics' Liens.*—The statute provides for the allowance of attorneys' fees when the claim for the lien is defeated and not when it is abandoned or voluntarily dismissed before trial.

**Petition for a Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1900. Affirmed in part and reversed in part. Opinion filed December 6, 1900. Rehearing denied.

**Statement.**—This suit was begun by a petition for mechanic's lien filed by Rittenhouse and Embree Company, one of appellees, as sub-contractor, against Samuel Davis, the owner of certain property in the city of Chicago, and Ella Davis, his wife, James B. Galloway, trustee, and others, for the sum of $527.19. Intervening petitions were filed by James R. Scott, the original contractor, for $2,486.50, and by William E. Palmer, also sub-contractor, for $1,775, and Upham & Stone, a sub-contractor under said Palmer, for $245.53; also by the Gould Manufacturing Company, a sub contractor, for $646.37.

Proceedings were thereupon had whereby said petition and intervening petitions were put at issue and referred to a master in chancery of said court, who heard evidence upon the issues presented. The master in his report found Rittenhouse and Embree Company, Upham & Stone, and W. E. Palmer entitled to their respective lien claims on an equal footing with each other, together with interest and attorneys' fees, and dismissed the claim of James R. Scott on the ground that he had signed a waiver of lien. A dismissal had been had, before the master's report was made as to the Gould Manufacturing Company. The present appeal is as to the claims of Rittenhouse and Embree Com-

pany, Upham & Stone and W. E. Palmer, which appellants Samuel Davis, the owner, and Ella Davis, his wife, contend ought not to be allowed. Claim is also made by said appellants that an attorney's fee should be granted on account of the dismissal by the Gould Manufacturing Company of their suit.

Israel Cowen, attorney for appellants.

Francis T. Murphy and Thaddeus S. Allee, attorneys for appellees.

L. A. McDonald, attorney for William E. Palmer, appellee.

Mr. Justice Sears delivered the opinion of the court.

We are of opinion that the claim of the Rittenhouse and Embree Company, one of appellees, to a mechanic's lien, can not be sustained. The statute relied upon by this appellee to maintain its lien provides, by section 25, chapter 82, R. S., that the sub-contractor must, within sixty days after completing work or furnishing materials, cause written notice of claim, or sub-contract, with copy thereof, if in writing, to be personally served on the owner, or his agent or architect, or superintendent in charge; and it also provides that such notice shall state the amount due or to become due to such sub-contractor and the time when it became or will become due. The notice served upon appellant Samuel Davis by Rittenhouse and Embree Company fails to indicate in any manner the amount of this sub-contractor's claim or the time when it did or would become due. It is sought by counsel for this appellee to avoid the necessity of this provision of the statute by substituting for it a certain order, which was accepted by the owner, and which, it is contended, gave him information as to the amount due. There is evidence to show that an order by Scott, the contractor, to Davis, the owner, to pay Rittenhouse and Embree Company $527.19, was given to the appellee and was by it presented to Davis. This order can not, we think, be permitted to operate as a substitute for the requisite statutory

notice. If it could be said that because this order had been presented to the owner at various times before the attempt to give the statutory notice, therefore the owner had been furnished with all the information which the statute contemplated, and a sufficient substitute for the statutory requirement was thus supplied, then it would result that any evidence which showed the owner to be aware of the essentials of the notice would obviate the necessity of the notice. It can not be so held. The right to the remedy is based upon the statute, and the requirements of the statute must be complied with to entitle one to the remedy. Campbell v. Jacobson, 145 Ill. 389; Freeman v. Rinaker, 185 Ill. 172.

The former decision was given under a former act, but the latter case arose upon the act here in question. We are of opinion, therefore, that the court erred in allowing the claim of Rittenhouse and Embree Company to a lien.

The claims of William E. Palmer and Upham & Stone are not open to this objection. There is a conflict of evidence as to the quality of the work furnished by Palmer. After a careful examination of it all, we are not prepared to hold that the conclusion of the master, followed by the chancellor, is manifestly against the weight of the evidence. The notice served upon the owner by Upham & Stone was not produced. No copy of it was preserved by the appellee, and upon request, the owner, upon whom it was served, failed to produce it. When it was served a receipt for the notice was given by the owner to the sub-contractor. It reads as follows:

"DEC. 19, 1895.

I have this day been notified by Upham & Stone that they have a claim of $245.53 for lumber used on my building, ordered by W. E. Palmer.

(Signed) SAMUEL DAVIS."

This receipt, together with oral testimony, establishes that the missing notice did state the amount due, and that it had become due on December 19, 1895.

The objection urged against the validity of the Palmer lien notice, in that he did not file with the notice a copy of his sub-contract, is not tenable. The provision for copy of

Davis v. Rittenhouse & Embree Co.

sub-contract does not here apply, and if it did, no question could be raised at this time, for the reason that the ground of objection is not specified in any one of the thirty-four several objections to the master's report. The fact that this ground of objection is specified in the thirty-sixth of the exceptions to the master's report does not save the point for consideration here. It must have been also presented as an objection before the master. Hurd v. Goodrich, 59 Ill. 450; Prince v. Cutler, 69 Ill. 267; Pennell v. Lamar Ins. Co., 73 Ill. 303; M. T. S. L. & B. Ass'n v. F. S. Bank, 41 Ill. App. 32; Kaegebein v. Higgie, 51 Ill. App. 538.

The claim of appellants for attorneys' fees in the matter of the intervening petition of Gould can not be allowed. The claim presented by this intervening lienor was dismissed out of court with his petition. No issue presented by petition and answer thereto was ever tried. The statute provides for an allowance of attorney's fees when the claim of the lienor is " defeated," not when it is abandoned or dismissed voluntarily before trial.

The question presented as to priority between trust deed interests and liens, is one which the appellants are not in a position to raise. The parties in interest do not appeal. No error is apparent in the allowing of the fees of the master in chancery.

We must decline to go through the remainder of the eighty-four assignments of error. We have endeavored to give consideration to such as seemed to present any question whatever. It is enough to say of the remainder that in our opinion they present no ground of error.

The decree will be affirmed as to the liens of Palmer and Upham & Stone and reversed as to the claim of Rittenhouse and Embree Company. The appellants are allowed the sum of twenty-five dollars as attorneys' fees against the Rittenhouse and Embree Company. In the awarding of costs in the Circuit Court the Rittenhouse and Embree Company will pay its own costs there and one-fourth of appellants' costs there, and in this court one-fourth of the appellants' costs here will be adjudged against the Ritten-

house and Embree Company, together with the Rittenhouse and Embree Company's own costs in this court. The remainder of the costs here will be adjudged against the appellants.

The decree is affirmed in the respects above indicated and reversed in the respects indicated, and remanded.

Affirmed in part and reversed in part.