(No. 11605.—Judgments reversed.)

EMILY F. CRONIN et al. Appellees, vs. GUSTAVUS J. TATGE, Appellant.

*Opinion filed December 19, 1917.*

1. MECHANICS' LIENS—*nothing will be inferred in favor of one claiming a lien.* The Mechanic's Lien law is in derogation of the common law and its provisions must be strictly construed, and no one can claim a lien unless it clearly appears that the requirements of the law have been complied with.

2. SAME—*when there is no right to lien for street improvement.* Section 1 of the Mechanic's Lien law of 1903 gives a lien for work done and materials furnished for an improvement in a street provided the improvement is connected with an improvement on the lot or tract of land, but not for paving a street in front of a lot by private contract and for laying gas and water mains and sewer connections in the street but not connected with the lot.

3. SAME—*when a lien cannot be given though part of work is within the act.* A mechanic's lien cannot be allowed even though part of the work is within the terms of the Mechanic's Lien law, where the contract is entire and it cannot be ascertained what part of the contract price was for such work and what part was for the work for which the statute gives no right to a lien.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

ROBERT F. KOLB, and PAUL W. TATGE, for appellant.

JAMES J. KELLY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees, Emily F. Cronin and others, procured a decree in the circuit court of Cook county against appellant, Gustavus J. Tatge, allowing them a lien on certain premises or real estate of appellant for the paving of a street in front of said premises, providing and making arrangements to have gas and water mains in the street front, sewer and

sewer connections extending inside the sidewalk line, and for the construction of a sidewalk six feet in width in front of the premises. The decree was affirmed by the Appellate Court. That court granted a certificate of importance, and a further appeal has been perfected to this court.

It is not disputed that the work was done in accordance with the terms of a contract entered into between the parties and that the sum therein named has not been paid. The sole question involved is, does the Mechanic's Lien law authorize a lien on adjacent property for the work here done, which was the paving of a street and the laying of gas and water mains and sewer connections in the street and not connected with the lot. It is conceded the statute expressly gives a lien for the cost of a sidewalk adjacent to a lot or tract of land, but appellant contends the contract for all the work done being entire and for one price, the lien does not attach and cannot be enforced as to the cost of the sidewalk.

The Mechanic's Lien law is in derogation of the common law and its provisions must be strictly construed, and no one can claim a lien unless it clearly appears the requirements of the law have been complied with. (*Provost* v. *Shirk,* 223 Ill. 468; *Turnes* v. *Brenckle,* 249 id. 394; *Schmidt* v. *Anderson,* 253 id. 29.) Nothing will be inferred in favor of one claiming a lien. (*Freeman* v. *Rinaker,* 185 Ill. 172.) In *Smith* v. *Kennedy,* 89 Ill. 485, the Mechanic's Lien law of 1874 was considered. The act then provided a lien for work done or material furnished in the "building, altering, repairing or ornamenting any house or other building or appurtenances thereto," or upon any street or alley connected with such building or appurtenances. A lien was claimed for the cost of curbing, grading and paving a street in front of certain premises, and the court there said: "The statute has by no express terms given any lien in such cases, and we have no right by judicial construction to enlarge its provisions." The court further said what was meant by the phrase "upon any street or alley" connected

281 – 22

with such building or appurtenance might not be readily understood, yet it was clear the work done,—paving, curbing and grading the street,—was work wholly disconnected with such building, if any, as was on the lot, and that no lien was given by statute for the cost of such work.

The Mechanic's Lien law has been amended from time to time, and the lien in the instant case is claimed under the provisions of section 1 of the act of 1903. Such section, in substance, provides that any person who shall by contract furnish labor, materials, etc., on any house, walk or sidewalk on the land or bordering thereon, or on or for any driveway, fence or improvement or appurtenance thereto on such lot or tract of land or connected therewith, and upon, over and under any walk or street adjoining, is entitled to a lien. This section only gives a lien for work done or materials furnished for use on a lot or tract of land or a sidewalk bordering thereon, or for work done on or materials furnished for any driveway, fence or other improvement on the land or connected with any improvement on the land, being upon, over or under any walk or street adjoining. While the section extends the lien to work done and materials furnished for an improvement in the street, such an improvement must be connected with an improvement on the lot or tract of land. It was expressly held in *Smith* v. *Kennedy, supra,* that under the act of 1874 no lien existed for work done and material furnished for curbing, grading and paving a street, and while the act has several times been amended since that opinion was filed, the present act does not expressly give a lien in such case, but substantially the same words are employed in the present act as were used in the act of 1874. The amendments made in the law from time to time were made to meet various objections urged. Had the legislature seen fit to extend the lien to cover the present state of facts it could have used apt words in doing so. While, perhaps, the wording of section 1 and meaning of the language used are not as clear

as might be desired, it does not expressly nor by necessary implication extend the application of the lien, as claimed by appellees. In *Rittenhouse & Embree Co.* v. *Brown,* 254 Ill. 549, it was held no lien attached for lumber delivered at a building and used in making forms to hold concrete. The court said, though a lièn was given for material used in the construction of a building it did not mean used in the making of forms for concrete. This was strict construction of the provisions of the statute, and denying the lien in the instant case requires employing much less strict construction.

While, as before stated, the statute expressly gives a lien for the contract price of work done or material furnished in building the sidewalk, here the bill of complaint alleges but one price for all the work. There was but one contract for all the work done, to a part of which, only, the lien attached. It could not be ascertained what part of the entire contract price was for building the sidewalk and what part was for the remainder of the work. For this reason the lien cannot be enforced for any part of the work done. As said by this court in *Adler* v. *World's Pastime Exposition Co.* 126 Ill. 373: "It will be observed that under the contract the petitioners were to be paid for the entire labor agreed to be performed,—that for which the statute confers a lien as well as that for which no lien is given,—the sum of $5000. The contract is entire. There is no way in which it can be determined what portion of the $5000 shall be paid for a part of the services rendered and what part shall be paid for another part of such labor. The entire sum named—the $5000—is to be paid for the entire amount of labor to be performed under the contract. The result is, as an entire contract it cannot be enforced in this proceeding, for the reason that no lien is given for a part of the labor to be performed under the contract. On the other hand, the contract cannot be enforced as to that part of the labor performed for which a lien is conferred by the statute because the contract is entire, and an entire contract

cannot be apportioned and the performance of it enforced in fragments.—*Crosby* v. *Loop,* 14 Ill. 330; 2 Parsons on Contracts, 519, and note."

The judgments of the Appellate and circuit courts are reversed.

*Judgments reversed.*