Mears Slayton Bldg. Mat. Co. v. Boynton, 233 Ill. App. 256.

money.   The provision of the contract was that the defendants might have the option of either tendering the stock or paying in money and not having exercised their option, they are obligated to pay the defendant in money.

The decree of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J. concur.

---

## Mears Slayton Building Material Company, Appellant, v. George Boynton et al., Appellees.

### Gen. No. 28,464.

1. WATERS AND WATER SUPPLY—*title to bed of Lake Michigan.* Under the law of this state the title to the land under the waters of Lake Michigan is not in the riparian owners but in the State, in trust for the people.

2. MECHANICS' LIENS—*strict construction of Mechanics' Lien Act.* The Mechanics' Lien Act, Cahill's Ill. St. ch. 82, ¶ 1 *et seq.*, being in derogation of the common law, its provisions must be strictly construed and no one can claim a lien under it unless it clearly appears that the situation involved is within the terms of the law, nothing being inferred in favor of one claiming a lien.

3. MECHANICS' LIENS—*right to lien for improvements on land not owned by defendants.* The Mechanics' Lien Act, Cahill's Ill. St. ch. 82, ¶ 1 *et seq.*, neither expressly nor by necessary implication, extends the application of the lien to an improvement not erected upon the premises sought to be reached, nor in connection with any improvement upon those premises, but rather apart from those premises on adjoining land not owned by the defendants.

4. MECHANICS' LIENS—*claim of mistake essential to right to lien under Lien Act § 2.* One who erected a row of piling in Lake Michigan several feet from the shore line on land held by the State, under a contract with the riparian owner, cannot establish a mechanics' lien by virtue of the Mechanics' Lien Act § 2, Cahill's Ill. St. ch. 82, ¶ 2, providing for a lien on a structure erected by mistake upon land owned by another than the party contracting as owner, where, by the bill, claimant does not claim a mistake nor seek to

establish a lien on the piling but upon the premises of the riparian owner.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. George Fred Rush, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed June 11, 1924.

Homer J. Smith, for appellant.

Rosenthal, Hamill & Wormser, for appellees; Willard L. King, of counsel.

Mr. Justice Thomson delivered the opinion of the court.

The complainant, Mears Slayton Building Material Company, filed its bill in equity against the defendants, seeking to enforce a mechanic's lien, alleging that it had furnished certain piling to the defendant Boynton, as a contractor, for use in the construction of a bulkhead or breakwater, upon the premises of the defendants, Livingston and wife; that the price of the piles in question was $675.00, no part of which had been paid to the complainant, either by the contractor or the owners. By this appeal the complainant seeks to reverse the decree of the circuit court, finding that complainant did not have a lien on the premises owned by Mr. and Mrs. Livingston, and dismissing its bill for want of equity.

The bill of complaint alleges that the piles furnished by the complainant to the contractor had been used in the making of certain improvements upon the premises owned by the Livingstons. The evidence shows that the premises in question were located upon the east side of Sheridan Road in the City of Chicago and extended from Sheridan Road east to the shore line of Lake Michigan. The contract between Livingston and Boynton was in the form of a letter addressed to Livingston by Boynton and accepted by Livingston, in which Boynton undertook to "drive a line of pile

on the east side of your property, starting at the north line and driving to south line.'' The work was done by the contractor under a permit issued by the Commissioners of Lincoln Park, which granted permission to the contractor ''to place shore protection at 6327 Sheridan Road, which is property owned by J. W. Livingston, line to be continuation of that used on adjoining property.'' The evidence shows that the contractor drove the line of piles in the bed of Lake Michigan, about 30 feet out from the shore, at a point where the water was several feet deep, and the evidence is further to the effect that since this shore protection has been completed the water is still on both sides of it as formerly. Livingston testified that he erected this line of piling to ''protect my breakwater.''

Under a provision of our statutes, owners of property bordering on the shore of Lake Michigan north of Lincoln Park, in the City of Chicago, may relinquish their riparian rights to the Board of Commissioners of Lincoln Park and the latter may, in exchange, convey to such owners all the land lying inside of a permanent shore line to be fixed by the commissioners, and when this is done it is customary for the owner to erect a bulkhead along the permanent shore line and fill in his property inside the bulkhead. The defendant Livingston testified that he had entered into no such arrangement with the Commissioners of Lincoln Park, but, as pointed out above, he had employed Boynton to erect this line of piles in the Lake some 30 feet out from the shore, under a permit issued by the Commissioners of Lincoln Park, for the purpose of protecting his own breakwater.

Under the law of this state, the title to the land under the waters of Lake Michigan is not in the riparian owners but in the state, in trust for the People. *Revell v. The People*, 177 Ill. 468; *Cobb v. Commissioners of Lincoln Park*, 202 Ill. 427; *Commissioners of Lincoln Park v. Fahrney*, 250 Ill. 256. It seems clear from the evidence in the record that the piles

purchased from the complainant by the contractor were not used by him in constructing an improvement on the premises of the Livingstons, but upon premises of the State of Illinois. This follows, without question, from the fact, as clearly shown by the evidence, that the piles were driven out in the water some 30 feet from the shore line where the water was several feet deep.

The Mechanics' Lien Act [Cahill's Ill. St. ch. 82, ¶ 1 et seq.] is in derogation of the common law and its provisions must be strictly construed and no one can claim a lien under that law unless it clearly appears that the situation involved is within the terms of the law. Nothing will be inferred in favor of one claiming a lien. *Cronin v. Tatge,* 281 Ill. 336, and cases there cited. Section 1 of the Mechanics' Lien Act (Cahill's Ill. Stat., ch. 82, ¶ 1 et seq.) gives a lien to "any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same, furnish material, fixtures, apparatus or machinery, forms or form work used in the process of construction where cement, concrete or like material is used for the purpose of or in the building, altering, repairing or ornamenting any house or other building, walk or sidewalk, whether such walk or sidewalk be on the land or bordering thereon, driveway, fence or improvement or appurtenances thereto on such lot or tract of land or connected therewith, and upon, over or under a sidewalk, street or alley adjoining * * *." In the case last cited the complainant sought to enforce a mechanic's lien against the property of the defendant to the extent of the cost of material and labor furnished in paving a street in front of defendant's premises and in providing and making arrangements to have gas and water mains in the street front, sewer and sewer connections extending

inside the sidewalk line, and for the construction of a sidewalk 6 feet in width in front of the premises. The question there involved was whether the Mechanics' Lien Law authorized a lien on adjacent property for the paving of the street and the laying of gas and water mains and sewer connections in the street, and not connected with the latter. It was conceded that the statute expressly gave a lien for the cost of a sidewalk adjacent to a lot or tract of land, but the defendant contended that the complainant was not entitled to a lien covering the cost of a sidewalk because the contract covered all the work done for one price and the sidewalk could not be segregated from the cost of the other work. The court held that a lien did not attach to the property, under the Mechanics' Lien Law, for the work which was there involved, and in so holding the court said, that Section 1 of the Act [Cahill's Ill. St. ch. 82, ¶ 1] "only gives a lien for work done or materials furnished for use on a lot or tract of land or a sidewalk bordering thereon, and for work done on or materials furnished for any driveway, fence or other improvement on the land connected with any improvement on the land, being upon, over or under any walk or street adjoining. While the section extends the lien to work done and materials furnished for an improvement in the street, such an improvement must be connected with an improvement on the lot or tract of land." The court there also said that "While, perhaps, the wording of Section 1, and meaning of the language used are not as clear as might be desired, it does not expressly nor by necessary implication, extend the application of the lien," as there claimed by the complainant.

Similarly, in the case at bar, we are of the opinion that the Mechanics' Lien Act, neither expressly nor by necessary implication, extends the application of the lien therein provided, to an improvement not erected upon the premises sought to be reached by this bill, nor in connection with any improvement upon

those premises, but rather erected apart from the premises and on adjoining land not owned by the defendants. The complainant seems to concede that the material which it furnished was used in the construction of an improvement on land which did not belong to the defendants but was contiguous to their premises, but nevertheless to contend that it is entitled to a lien under the Mechanics' Lien Act. In this connection, complainant calls attention in its brief to Section 2 of the Mechanics' Lien Act [Cahill's Ill. St. ch. 82, ¶ 2] providing that "Any person furnishing services, labor or material for the erection of a building, or structure, or improvement, by mistake upon land owned by another than the party contracting as owner, shall have a lien for such services, labor or material upon such building, or structure or improvement, and the court, in the enforcement of such lien, shall order and direct such building, structure or improvement to be separately sold under its decree, and the purchaser may remove the same within such reasonable time as the court may fix." This provision of the Mechanics' Lien Act is not applicable to the situation in the case at bar inasmuch as the complainant does not base its case, in any sense, on that theory in the bill which it filed, for in that bill the complainant does not claim a mistake nor does it seek to enforce a lien against the structure or breakwater involved, as is provided for by the section last quoted, but, rather, against the premises owned by the defendant Livingston and his wife, namely, the land extending from the shore line of Lake Michigan to Sheridan Road, on which the Livingstons maintained their home and where they lived. The bill asks that a receiver be appointed to take charge of these premises, collect the rents and profits thereof, and that complainant may be decreed to have a lien against said premises and all the improvements thereon, for the amount found to be due it and that the defendants may be decreed to pay such amount to the complainant, and that in default

thereof the defendants' premises may be sold in such manner as the court may direct to satisfy the amount so found due to the complainant.

For the reasons stated, we are of the opinion that the Chancellor was justified in entering the decree appealed from. The decree of the circuit court is, therefore, affirmed.

*Decree affirmed.*

TAYLOR, P. J. and O'CONNOR, J. concur.