Schwulst Gerling Company, Appellant, v. Nathanial Frost et al., Appellees.

Gen. No. 8,675.

Opinion filed January 16, 1933.

Costigan & Wollrab, for appellant.

Bracken, Livingston & Murphy, for appellee Nathanial Frost; J. B. Murphy, of counsel.

Mr. Justice Shurtleff delivered the opinion of the court.

The original bill of complaint in this case was filed October 21, 1931, by Bruce Morgan et al., to foreclose a trust deed in the nature of a mortgage. The trust deed was executed October 15, 1930, by Floyd C. Hamman, and his wife, to C. F. Skillman, trustee, to secure the payment of $6,000, evidenced by 11 promissory notes. Bruce Morgan and the other complainants in the original bill are the owners of $4,800 worth of said notes. The remainder of the notes are not outstanding.

The trust deed to Skillman is subject to the prior and superior lien of another trust deed to J. B. Murphy, trustee, executed and delivered by the Hammans on November 12, 1929, to secure an indebtedness of $7,000. The trust deed to Murphy was duly recorded in McLean county on November 12, 1929.

Appellee Nathanial Frost is the owner and holder of all the principal notes and interest coupons secured by the said trust deed to J. B. Murphy. Mr. Murphy, in his capacity as trustee, was made a defendant to the original bill, and on November 12, 1931, he filed his answer thereto, asserting the priority of the trust deed to him over and above the lien of the Skillman trust deed and over and above all mechanic's liens alleged to exist. Mr. Frost was not made a party defendant to the original bill, presumably because his identity was not then known to the appellees.

Appellant, Schwulst Gerling Company, a corporation, having previously, on March 19, 1931, filed in the office of the circuit clerk a claim for mechanic's lien against the real estate described in the two trust deeds, was named as one of the defendants in the original bill of complaint. The answer of appellant to the bill was filed November 6, 1931. It avers the filing of said claim for lien and states that a balance of $1,364.14 remains due and unpaid and alleges the mechanic's lien to be prior and superior to both trust deeds.

On November 7, 1931, appellant filed a cross-bill to foreclose its alleged mechanic's lien. This cross-bill will hereinafter be referred to as the original cross-bill.

The original cross-bill alleges that on October 22, 1929, appellant entered into a contract with Sam A. Livingston, Jr., then owner of the real estate in question, and with C. F. Skillman to erect on said premises a two-story brick veneer house and double garage, for the sum of $8,006, according to plans and specifications prepared for that purpose and made a part of the contract.

Continuing, the cross-bill alleges that appellant complied fully with said contract, and that it completed performance of same on November 21, 1930; that prior to the completion date said Livingston and Skillman had made payments on the contract aggregating $4,700, leaving then due thereon the sum of $3,306. It shows further credits made after completion and alleges a final unpaid balance of $1,364.14, with interest at the rate of six per cent per annum from September 30, 1931. It represents that on November 12, 1929, title to the real estate was conveyed by deed from said Livingston and wife to the said Floyd C. Hamman; that Livingston died on or about September 18, 1931; that said balance of $1,364.14 remains due and unpaid, and that on March 19, 1931, appellant filed in the office of the circuit clerk a statement of claim for lien, a copy of which was attached to the original cross-bill and marked Exhibit B. A copy of the contract was also attached and identified as Exhibit A.

Exhibit B was in the following form:

"Claim of Lien.

"Know All Men By These Presents, That Schwulst-Gerling Company, a Corporation, claim a lien for the sum of Two Thousand Six Hundred and Sixty-two ($2662.00) no/100 Dollars, on the following described

Real Estate and the appurtenances thereof, situated in the County of McLean and State of Illinois, viz.:

"The East Twenty-five Feet (25 ft.) of Lot Eight (8) and the West Twenty-five feet (25 ft.) of Lot Nine (9) in Block Four (4) in Davis Fourth (4th) Addition to the City of Bloomington, and otherwise known as 1106 Elmwood Road.

"The said lien so claimed being for labor and material used in and about the construction of Brick veneer two-story house for Sam A. Livingston, Jr., and C. F. Skillman as per itemized statement hereto attached, which shows the several times at which said labor and materials were furnished on contract and the payments made thereon.

| | |
|---|---:|
| "Contract covering all labor and materials for the construction of two-story brick veneer house dated October 22, 1929 | $8006.00 |
| "First Material Delivered on October 28, 1929 and first work done on October 22, 1929. Last work performed on Contract November 21, 1930. Interest as agreed from date to March 19, 1931 | 206.00 |
| Total | $8212.00 |

"Credits

| | | | | |
|---|---|---|---|---:|
| "By Cash | Sept. | 20, | 1930 | $3000.00 |
| " " | Nov. | 20, | 1930 | 1700.00 |
| " " | Jan. | 17, | 1931 | 850.00 |
| | | | | 5550.00 |

Balance due $2662.00

State of Illinois, McLean County, ss.

"C. F. Schwulst President, Schwulst-Gerling Company, a Corporation being duly sworn on his oath says that the foregoing statement is true and correct, and that the sum of Two Thousand Six Hundred and Sixty-two ($2662.00) no/100 Dollars is due said Schwulst-Gerling Company, a Corporation from said Sam A.

Livingston, Jr. and C. F. Skillman on account of the Building Contract Balance due, mentioned in said statement, after allowing all just credits.

"C. F. Schwulst.

"Subscribed and sworn to before me this 19th day of March, A. D. 1931.

"J. Huber Allen,
"Circuit Clerk."

The contract is single and entire, covering the furnishing of all labor and material required for the erection of the house and double garage and is as follows:

"Agreement.

"This contract made and entered into in duplicate this 22d day of October, A. D. 1929, by and between Schwulst-Gerling Company of Bloomington, Illinois, party of the first part, and S. A. Livingston and C. F. Skillman of Bloomington, Illinois, parties of the second part.

"Witnesseth: That the party of the first part for and in consideration of the covenants and agreements on the part of the said second party hereby agrees to erect on lot belonging to said second party located at 1106 Elmwood Road, a two-story, brick veneer house and double garage, same to be built according to plans and specifications, all of which are made a part hereof, said work to be commenced immediately and house and garage to be built at the convenience of the said party of the first part and to be completed at convenience of the party of the first part. All work to be done in a first-class workmanlike manner.

"Party of the second part for and in consideration of the covenants and agreements on the part of the said first party agrees to pay to the party of the first part the sum of Eight Thousand and Six Dollars and No Cents ($8,006.00). Party of the second part agrees to make partial payments at his convenience during the construction of said house and garage; the balance remaining due at completion to be due and pay-

able immediately. If not paid upon completion, party of the second part agrees to pay interest at the rate of Six per cent per annum (6%) on the amount then due. This agreement to be binding upon the heirs, executors, administrators and assigns of the parties hereto.

"Witness our hands and seals the day and year above written.

> ".Schwulst Gerling Co.,
> By C. F. Schwulst, Pres.    (Seal)
> Sam A. Livingston          (Seal)
> C. F. Skillman             (Seal)
> S.A.L.''

The claim for lien states that said sum of $8,006 covered the labor and material used for the construction of the two story brick veneer house. No mention whatever is made in the claim for lien of the double garage, nor of the cost of the plans and specifications referred to in the contract. According to the claim for lien, the entire contract price of $8,006 was consumed in the erection of the house, leaving nothing for the double garage and nothing for the plans and specifications.

The original cross-bill alleges the erection of both the house and garage, but it contains no allegation concerning any separation of the cost of the garage from that of the house. Neither does it aver any particular application of payments other than to the single lump sum contract price of $8,006 for the house and garage.

The cross-bill alleges that Nathanial Frost and others have or claim some interest in the premises as incumbrancers or purchasers, or otherwise, but that such interest is subordinate and inferior to the mechanic's lien of appellant.

Appellee Nathanial Frost was made a defendant to the original cross-bill and served with summons returnable to the February term, 1932. Frost filed a general and special demurrer to the cross-bill. The de-

murrer was sustained May 2, 1932, and leave was granted to cross complainant (appellant) to file an amended cross-bill.

On May 19, 1932, Frost, not being party to the original bill of complaint filed by Bruce Morgan et al., obtained leave to intervene as a defendant therein and to file his answer and cross-bill thereto. His cross-bill filed May 20, 1932, recites the then existing pleadings, etc., and represents that he (Frost) is the owner of $7,000 worth of notes secured by the trust deed to J. B. Murphy, trustee. It avers that the lien of said trust deed is superior to all other claims or liens. Default on the part of the mortgagors is shown and foreclosure prayed.

Appellant was made a party defendant to the Frost cross-bill. It filed its answer thereto on June 28, 1932, denying all material allegations therein contained. On the same day it filed its amended cross-bill to foreclose the alleged mechanic's lien.

The amended cross-bill of appellant is practically identical with its original cross-bill, except that the following additional paragraph appears therein:

"That the total contract price as expressed in Exhibit 'A' was the sum of $8,006.00. That the price of the double garage included in said contract was the sum of $750.00, the remainder of the contract price, to wit: the sum of $7,256.00, being for the two-story brick veneer house erected by your orator on said premises, that said prices represented the fair cash market value of said buildings respectively at the date of the completion thereof; that the payments totalling $4,700.00 made to your orator prior to the time of filing statement of claim for lien with the Clerk of the Circuit Court of McLean County, Illinois, were made without any direction by the payors as to the application of said payments, and that said payments were first applied by your orator in settlement of the agreed

price of said double garage; that the balance of $1,364.14 and interest now due to your orator represents an amount no greater than one-third the value of the two-story brick veneer house erected by it on said premises.''

The allegations contained in the above paragraph quoted from the amended cross-bill do not appear in the original cross-bill. The averments concerning filing of the claim for lien in the office of the circuit clerk are made more fully and with greater particularity in the amended cross-bill. There are no other material differences between the original and the amended cross-bill of appellant.

The amended cross-bill alleges the execution and performance of the same contract, and describes the same claim for lien mentioned in the original cross-bill.

Appellee Frost filed his general and special demurrer to appellant's amended cross-bill on June 28, 1932, and the same was adopted by other defendants. Sixteen causes of special demurrer were assigned. The first 12 were identical with those in the demurrer to the original cross-bill. The demurrer to the amended cross-bill was sustained on July 1, 1932. Appellant elected to stand by its amended cross-bill and the same was dismissed at its costs. From the ruling of the chancellor in sustaining the demurrer of appellees to the amended cross-bill, appellant has prosecuted this appeal.

In the case of *Buckely v. Commercial Nat.·Bank,* 171 Ill. 284, 290, the court said: ''Manifestly, the purpose of requiring the statement to be filed is that third persons dealing with the property shall have notice of the amount, nature and character of the lien, as well as the times when the material was furnished or labor performed, and thus enable them 'to know, from the claim itself, that it is such as can be enforced.' ''

The issues in this case are confined to the question of priority between the alleged mechanic's lien and the

incumbrances held by third parties who are the appellees in this cause.

A great many objections are raised to the sufficiency of appellant's cross-bill which we shall not discuss or determine in passing upon this case. The claim for lien does not set out that the improvements were constructed upon the lands described in the cross-bill of complainant.

The principal question raised by this record is the variance between the terms of the contract and the improvements made as set out in the claim for lien. Under the contract appellant agreed to furnish the material and labor and construct a two-story brick veneer house and double garage for $8,006. Under the claim for lien appellant claims the contract price for the furnishing of the labor and material and building the house only. There is no claim for the double garage. After the demurrer was sustained to the first cross-bill, appellant, by an amended cross-bill, has attempted to apportion his claim by charging that the price of the double garage was $750 and the remainder of the contract price, $7,256, was for the two-story brick veneer house. This he cannot do. (*Crosby v. Loop,* 14 Ill. 330; *Adler v. World's Pastime Exposition Co.,* 126 Ill. 373, and *Cronin v. Tatge,* 281 Ill. 336.) In the latter case the court said on page 339: "As said by this court in *Adler v. World's Pastime Exposition Co.,* 126 Ill. 373: 'It will be observed that under the contract the petitioners were to be paid for the entire labor agreed to be performed,—that for which the statute confers a lien as well as that for which no lien is given,—the sum of $5,000. The contract is entire. There is no way in which it can be determined what portion of the $5,000 shall be paid for a part of the services rendered and what part shall be paid for another part of such labor. The entire sum named—the $5,000—is to be paid for the entire amount of labor to

be performed under the contract. The result is, as an entire contract it cannot be enforced in this proceeding, for the reason that no lien is given for a part of the labor to be performed under the contract. On the other hand, the contract cannot be enforced as to that part of the labor performed for which a lien is conferred by the statute because the contract is entire, and an entire contract cannot be apportioned and the performance of it enforced in fragments.—*Crosby v. Loop,* 14 Ill. 330; 2 Parsons on Contracts, 519, and note.' "

Appellant contends that payments having been made by the owner with no directions as to the application thereof, appellant was entitled to make the application of said payments to the nonlienable part of the account, but it has been held: "The general doctrine as to the application of payments undoubtedly gives the creditor the right, in the absence of a direction, to apply the credit according to his own selection. . . . But a different doctrine obtains where the rights of third parties are involved." *Clow & Sons v. Goldstein,* 147 Ill. App. 571. Where the rights of third persons are affected, the creditor cannot apply payments according to his own selection. *Liese v. Hentze,* 240 Ill. App. 273. "A payment made on account, without directions as to its application, may afterward be applied to particular items of indebtedness by mutual agreement of the debtor and creditor, where the interests of third parties are not involved." *Royal Colliery Co. v. Alwart Bros. Coal Co.,* 276 Ill. 193.

"The debtor has a right to have his payment applied to his indebtedness as he directs, but if he makes no direction, the creditor may apply the payment as he sees fit, provided no third party is prejudiced." *Chicago Title & Trust Co. v. Central Trust Co. of Illinois,* 312 Ill. 396.

"Mechanic's liens were not recognized by the common law, nor allowed in equity independently of statute, but they exist only by virtue of statutes creating them and providing a method for their enforcement; therefore, such statutes must be strictly construed with reference to all requirements upon which the right to a lien depends." (*Cronin v. Tatge,* 281 Ill. 336; *North Side Sash & Door Co. v. Hecht,* 295 Ill. 515; *Armstrong v. Obucino,* 300 Ill. 140.)

In holding that mechanic's lien laws are to be strictly construed with reference to all requirements upon which the right to a lien depends, the Supreme Court said in the case of *North Side Sash and Door Co. v. Hecht, supra:* "This is true notwithstanding section 39 of the act, which provides: 'This act is and shall be liberally construed as a remedial act.' "

" 'The lien is provided by statute and not by contract, and unless the statute, under the rule of strict construction, creates the lien none can be asserted or maintained. The remedy by mechanic's lien is in addition to the ordinary remedies afforded by the common law and is a privilege enjoyed by one class of the community above other classes. A party seeking to enforce such a lien must bring himself strictly within the terms of the statute.' " (*Colp v. First Baptist Church,* 341 Ill. 73, 78; *Rittenhouse & Embree Co. v. Brown & Co.,* 254 Ill. 549.)

It has been further held: "The lien given by the statute will attach from the date of the contract, and whoever purchase the property after the contract is made purchases subject to the lien under that contract and is bound by it" (if the lien has been properly perfected); "but it is a general rule that where the interests of such a purchaser are to be affected a stricter construction of the Lien law will be adhered to than is followed in cases arising between a mechanic or material-man and the original owner." *Crowen v. Meyer,*

342 Ill. 46, 54. ''It is a general rule that where the interests of a purchaser are to be affected, a stricter construction of the lien law will be adhered. to than is followed in cases arising between the mechanic or material-man and the original owner.'' *Springer v. Kroeschell,* 161 Ill. 358.

It follows that the decree of the circuit court of McLean county should be and is affirmed.

*Affirmed.*