Roland O. Roth, Appellee, v. R. Lehman, Mary Lehman and Walter Chcezewski, Defendants.
On Appeal of R. Lehman and Mary Lehman, Appellants.

Gen. No. 46,057.

Opinion filed December 1, 1953.
Released for publication January 22, 1954.

ABDON M. PALLASCH, of Chicago, for appellants;
KELLAM FOSTER, of Chicago, of counsel.

KOREAN MOVISIAN, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Defendants R. Lehman and Mary Lehman appeal from a decree establishing and foreclosing a mechanic's lien on property owned and occupied by them. Having decided to make certain repairs to their home, defendants employed a general contractor who, in turn, made a contract with plaintiff for a portion of the work. According to plaintiff, the contractor called him up and asked him to quote a price on the setting of cement blocks for a foundation to the basement, and plaintiff quoted a price of $1.00 per block, which included labor, necessary material to set the blocks, and profit.

On July 31, 1951 plaintiff served a notice of lien upon defendants, notifying them that he had been employed by the general contractor to furnish labor and material for the purpose of making a cement block foundation to the basement of their house. On August 9, 1951, plaintiff filed his claim for lien in the amount of $831.79, which included not only the cost of the block foundation, but a considerable amount of other work which plaintiff contends was the subject matter of an agreement between him and the contractor made in May 1951.

Defendants make two defenses: First, that according to the testimony, the contractor and plaintiff entered into an oral agreement whereby plaintiff, in consideration of $500 agreed to furnish not only the foundation wall, but to take off doorways and boards,

to tear down the stairway, and to do considerable other work. Second, that plaintiff is limited to the work set forth in his notice of lien. It is argued by plaintiff that defendants cannot now raise the point of legal insufficiency of the notice. In our opinion, there is adequate preservation of the question for the consideration of this court. Notice to the owner is the very substance of the basis on which a mechanic's lien may be predicated. The question presented to us is, therefore, whether plaintiff may, by testimony of oral conversations contradicted by other witnesses, .enlarge the scope of the claim presented by the notice.

█ Mechanics' liens are in derogation of the common law and, therefore, the statute creating them is to be strictly construed. *Butler & McCracken v. Gain,* 128 Ill. 23, 27; *Brennan v. McEvoy & Co.,* 196 Ill. App. 336, 341; *Schwulst Gerling Co. v. Frost,* 269 Ill. App. 213, 223. "This is true notwithstanding section 39 [Ill. Rev. Stats. 1953, ch. 82, § 39; Jones Ill. Stats. Ann. 74.39] of the act which provides: 'This act is and shall be liberally construed as a remedial act.'" *North Shore Sash and Door Co. v. Hecht,* 295 Ill. 515, 519; *Schwulst Gerling Co. v. Frost, supra.* "The remedy by mechanic's lien is in addition to the ordinary remedies afforded by the common law and is a privilege enjoyed by one class of the community above other classes." *Colp v. First Baptist Church of Murphysboro,* 341 Ill. 73, 78; *Schwulst Gerling Co. v. Frost, supra.* "A party seeking to enforce such a lien must bring himself strictly within the terms of the statute." *Butler & McCracken v. Gain, supra; Davis v. Rittenhouse & Embree Co.,* 92 Ill. App. 341, 344, aff'd *sub nom. Davis v. Upham & Stone,* 191 Ill. 372; *Schaller-Hoerr Co. v. Gentile,* 153 Ill. App. 458, 461; *Brennan v. McEvoy & Co., supra; Liese v. Hentze,* 326 Ill. 633, 637; *Colp v. First Baptist Church of Murphysboro, supra; Schwulst Gerling Co.*

*v. Frost, supra; Western Plumbing Supply Co. v. Horn,* 269 Ill. App. 612, 619.

But there is a further and more cogent consideration for restricting mechanics' liens to the substance, if not the letter, of the written notice to the owner. This is the nature of the claim itself. It is a claim which, without the express consent of the owner of property, becomes a lien, that is to say, a mortgage on the property without those formal requirements of writing, signature, acknowledgment, and recording essential to a mortgage or trust deed. An extension of such a claim ought not to be permitted except on strict compliance with the statute. Otherwise, carelessness in performance and collusion in extravagant and unnecessary work will find their easy victims. To hold that all that need be done to extend a lien is to perform the work and say that a nod of the head or a simple word authorized it, would be to place a serious obligation on all too tenuous a basis. The matter of written notice is in itself simple, and any extension of its terms should be in specific writing because it is the only formal document on which a man whose property is being subjected to the lien may rely. A reasonable construction of plaintiff's notice of lien under section 24 of the Act [Ill. Rev. Stats. 1951, ch. 82, § 24; Jones Ill. Stats. Ann. 74.24] fails to reveal a claim for more than the material and labor necessary to lay cement blocks. No one reading the statement would conclude that claimant intended more. *Provost v. Shirk,* 223 Ill. 468, 474. This court cannot properly infer more in favor of one claiming a lien. *Cronin v. Tatge,* 281 Ill. 336, 337.

We therefore hold that plaintiff can recover only for the work set forth in his notice, to-wit: the making of the cement block foundation. There are two bases by which to measure plaintiff's claim for that

98

work. One is a time and material basis, and the other is a basis of $1.00 per block, the price quoted by plaintiff as the basis on which the cement block job was figured. In view of plaintiff's own testimony, we deem the $1.00 per block basis a sufficiently proper ground for plaintiff's recovery. Defendant R. Lehman counted 352 cement blocks actually installed in the building. Plaintiff contends he delivered 416 cement blocks and that the difference was stolen by children or others or broken. Plaintiff's explanation as to this discrepancy seems reasonable. He is entitled to recover $416 on his lien, less $100 already paid him on account, or $316. The costs of this appeal shall be charged to plaintiff and the costs of the proceedings below shall be divided equally between the parties.

Decree reversed and cause remanded, with directions to enter a decree consistent with the views herein expressed.

*Decree reversed and cause remanded with directions.*
TUOHY and ROBSON, JJ., concur.